| | |
|---|---|
| 1 | **Albert N. Kennedy**, OSB No. 82142 |
|   | Direct Dial: (503) 802-2013 |
| 2 | Facsimile: (503) 972-3713 |
|   | E-Mail: al@tonkon.com |
| 3 | **Timothy J. Conway**, OSB No. 85175 |
|   | Direct Dial: (503) 802-2027 |
| 4 | Facsimile: (503) 972-3727 |
|   | E-Mail: tim@tonkon.com |
| 5 | **Michael W. Fletcher**, OSB No. 01044 |
|   | Direct Dial: (503) 802-2169 |
| 6 | Facsimile: (503) 972-3869 |
|   | E-Mail: michaelf@tonkon.com |
| 7 | **TONKON TORP** LLP |
|   | 1600 Pioneer Tower |
| 8 | 888 S.W. Fifth Avenue |
|   | Portland, OR 97204 |

Attorneys for Tort Claimants Committee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, AND SUCCESSORS, A CORPORATION SOLE, dba the ARCHDIOCESE OF PORTLAND IN OREGON,

    Debtor.

Case No. 04-37154-elp11

TORT CLAIMANTS COMMITTEE,

    Plaintiff,

v.

ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, AND SUCCESSORS, A CORPORATION SOLE, dba the ARCHDIOCESE OF PORTLAND IN OREGON,

    Defendant.

Adv. Proc. No. 04-03292-elp

**TORT CLAIMANTS COMMITTEE'S RESPONSE TO CENTRAL CATHOLIC HIGH SCHOOL ALUMNI ASSOCIATION AND CENTRAL CATHOLIC HIGH SCHOOL PARENTS ASSOCIATION'S PRECAUTIONARY MOTION REGARDING USE OF DONATIONS**

* * *

Page 1 of 5 - TORT CLAIMANTS COMMITTEE'S RESPONSE TO CENTRAL CATHOLIC HIGH SCHOOL ALUMNI ASSOCIATION AND CENTRAL CATHOLIC HIGH SCHOOL PARENTS ASSOCIATION'S PRECAUTIONARY MOTION REGARDING USE OF DONATIONS

The Tort Claimants Committee (the "Committee") does not oppose the use of donations raised by the Central Catholic High School Alumni Association and Central Catholic High School Parents Association (the "Associations") to defend claims asserted in this adversary proceeding. However, the Committee objects to the Associations' argument that its motion should be granted because these funds ("Disputed Funds") are held in trust. The Court should reject this rationale for two interrelated reasons. First, the Committee has not had the opportunity to engage in the fact-intensive discovery that will be necessary to test the validity of the Associations' claim. Whether Debtor's estate includes particular categories of personal property, including funds held by Debtor's secondary schools, is a complex question that should be the subject of a separate motion for summary judgment in this adversary proceeding. Second, even if this motion were an appropriate vehicle for the Court's resolution of the personal property issue, the Associations' argument would fail because they have not come forward with clear and convincing evidence that the Disputed Funds are held in trust.

While the Court could deny this motion, the Committee believes that payment of the Associations' legal expenses from estate assets could be an appropriate exercise of discretion under 11 U.S.C. §§ 105, 363(b) and 503. The Court should therefore grant this motion, but not for the reasons advanced by movants.

I. **IT IS PREMATURE FOR THE COURT TO DETERMINE WHETHER PERSONAL PROPERTY, INCLUDING THE FUNDS AT ISSUE HERE, ARE PROPERTY OF THE ESTATE**

The Associations argue that they are entitled to use the Disputed Funds to pay their legal expenses because these funds are not property of Debtor's estate, but instead are held in charitable trust for the educational mission of Central Catholic High School.

Determining whether a trust exists can be difficult when a court is faced with a single donation. In this case, Debtor and its co-defendants' trust arguments may require the Court to determine the trust status of donations stretching back over 100 years in the course

Page 2 of 5 - TORT CLAIMANTS COMMITTEE'S RESPONSE TO CENTRAL CATHOLIC HIGH SCHOOL ALUMNI ASSOCIATION AND CENTRAL CATHOLIC HIGH SCHOOL PARENTS ASSOCIATION'S PRECAUTIONARY MOTION REGARDING USE OF DONATIONS

Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 04-03292-elp    Doc 157    Filed 06/03/05

of deciding whether these assets are property of the estate. The Committee will not be able to respond fully to any of the defendants' trust arguments concerning donations until it engages in extensive discovery. Before the parties can begin this process, the Court will need to develop a discovery protocol that will apply to all funds Debtor claims to hold in trust for its parishes, schools and other parties. The Court and parties will use their resources most efficiently if they address these procedural issues in the context of a separate motion for summary judgment that focuses on personal property—and not in the context of a "precautionary motion" concerning the payment of legal fees. This is particularly so because, for the reasons provided below, there is no need for the Court to resolve these issues in order to assure the due payment of the Associations' legal expenses.

## II. THE ASSOCIATIONS HAVE NOT SHOWN THAT THE DONATED FUNDS ARE SUBJECT TO A TRUST

Even if it were necessary for the Court to resolve the Associations' trust law argument, it would fail. Under Oregon law, a party seeking to prove the existence of a trust must come forward with evidence that is "clear, unequivocal and convincing." *Shipe v. Hillman*, 296 Or. 556, 564 (1955). The Associations have not offered such evidence.

The Oregon Supreme Court has held that a party seeking to prove a trust must offer more than "[t]he bare assertion by a third person that the grantor's purpose in making a conveyance was to create a trust . . . ." *Trustees of the Presbytery of the Willamette v. Hammer*, 235 Or. 564, 567 (1963). However, the Associations offer nothing but the declaration of Peter Corrado, Director of the Central Catholic Office of Alumni and Planned Giving and the Central Catholic High School Alumni Association. While Mr. Corrado describes the Associations' recent fundraising efforts in general terms, neither he nor the Associations have come forward with any documentation for these activities that would assist the Court in determining whether the funds are held in trust. It is unclear whether the Associations (or the Central Catholic High School Development Office) maintain bank

Page 3 of 5 - TORT CLAIMANTS COMMITTEE'S RESPONSE TO CENTRAL CATHOLIC HIGH SCHOOL ALUMNI ASSOCIATION AND CENTRAL CATHOLIC HIGH SCHOOL PARENTS ASSOCIATION'S PRECAUTIONARY MOTION REGARDING USE OF DONATIONS

Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 04-03292-elp    Doc 157    Filed 06/03/05

accounts. If there are such accounts, the Associations have not revealed the names of the signatories on these accounts. The Associations have also declined to offer evidence concerning their decision-making processes or relationship to Debtor.[1]

The Associations have also failed to come forward with evidence on the issue that is the touchstone of the law governing the creation of a trust: whether donors have manifested an intention to impose fiduciary duties on the recipients of their funds. *See* Restatement of Trusts (Second) §§ 348 & 351 cmt. c ("A charitable trust is not created unless the settlor manifests an intention to impose enforceable duties."). The motion is not supported by a single affidavit from a donor, or the correspondence between a donor and the Associations.

### III. GRANTING THIS MOTION COULD BE AN APPROPRIATE EXERCISE OF THE COURT'S DISCRETION TO AUTHORIZE ADMINISTRATIVE EXPENSES

Although there is no reason why the Court must grant this motion, the Committee nevertheless believes that the Court could approve use of the funds at issue to pay the Associations' fees. The Court has authority to grant this motion under a number of Bankruptcy Code provisions. Section 363(b) authorizes the use of estate property outside the ordinary course of business after notice and a hearing. Section 503(b) permits the court to allow administrative expenses that benefit the estate, including legal fees. Finally, the Court has equitable power under Section 105(a) to issue "any order, process, or judgment that is necessary or appropriate" to carry out the provisions of the Bankruptcy Code.

Payment of the Associations' legal expenses from the estate could be a prudent investment in the efficient administration and resolution of this case. The

---

[1] Mr. Corrado is presumably an employee of Debtor, because Debtor has successfully maintained in prior litigation that Central Catholic's staff are Archdiocesan employees. See *Central Catholic Education Ass'n v. Archdiocese of Portland*, Case No. PR-1-93 (Or. E.R.B. Sept. 14, 1993), *aff'd* 323 Or. 238 (1996) (attached as Exhibit 12 to the Declaration of Timothy J. Conway in Support of the Tort Claimants Committee's Second Motion for Partial Summary Judgment).

Page 4 of 5 - TORT CLAIMANTS COMMITTEE'S RESPONSE TO CENTRAL CATHOLIC HIGH SCHOOL ALUMNI ASSOCIATION AND CENTRAL CATHOLIC HIGH SCHOOL PARENTS ASSOCIATION'S PRECAUTIONARY MOTION REGARDING USE OF DONATIONS

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 04-03292-elp    Doc 157    Filed 06/03/05

Associations represent interests that are directly affected by the adversary proceeding. Their counsel can help counsel for Debtor and the Parishioners' Committee advance the trust law arguments that will figure in the adversary proceeding. To the extent that donation-by-donation discovery proves necessary, the Associations are in a good position to marshal this evidence because fundraising records are maintained at the school level. Finally, as the Parishioners' Committee noted in its own "Precautionary Motion," the full involvement of all defendants will help guarantee the validity of the Court's decisions in the adversary proceeding.

## IV. CONCLUSION

The Court should grant the Associations' motion, but not for the reasons they have articulated. While the parties have not proven the existence of a charitable trust that is immune from the claims of Debtor's tort creditors, payment of the Associations' legal expenses could be a prudent expenditure of estate assets that would encourage the most comprehensive resolution of these proceedings at the earliest possible date.

DATED this 3rd day of June, 2005.

TONKON TORP LLP

By _____
ALBERT N. KENNEDY, OSB No. 82142
Attorneys for Tort Claimants Committee

032545\00001\631930 V002

Page 5 of 5 -  TORT CLAIMANTS COMMITTEE'S RESPONSE TO CENTRAL CATHOLIC HIGH SCHOOL ALUMNI ASSOCIATION AND CENTRAL CATHOLIC HIGH SCHOOL PARENTS ASSOCIATION'S PRECAUTIONARY MOTION REGARDING USE OF DONATIONS

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 04-03292-elp    Doc 157    Filed 06/03/05

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **TORT CLAIMANTS COMMITTEE'S RESPONSE TO CENTRAL CATHOLIC HIGH SCHOOL ALUMNI ASSOCIATION AND CENTRAL CATHOLIC HIGH SCHOOL PARENTS ASSOCIATION'S PRECAUTIONARY MOTION REGARDING USE OF DONATIONS** on:

Pamela J. Griffith
U.S. Trustee's Office
620 S.W. Main Street, Room 213
Portland, OR 97205

Howard M. Levine
Thomas W. Stilley
William N. Stiles
Sussman Shank LLP
1000 S.W. Broadway, Suite 1400
Portland, OR 97205-3089
    Attorneys for Debtor Roman Catholic
    Archbishop of Portland in Oregon

James M. Finn
Schwabe, Williamson & Wyatt, P.C.
1600-1900 Pacwest Center
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
    Special Counsel for Debtor

L. Martin Nussbaum
Rothgerber Johnson & Lyons LLP
Wells Fargo Tower, Suite 1100
90 South Cascade Avenue
Colorado Springs, CO 80903
    Special Counsel for Debtor

Brad T. Summers
Ball Janik LLP
1100 One Main Place
101 S.W. Main Street
Portland, OR 97204-3219
    Attorneys for Central Catholic High
    School Parents Association and
    Central Catholic High School Alumni
    Association

David A. Foraker
Greene & Markley, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201-5492
    Future Claimants Representative

Bradley S. Copeland
Loren S. Scott
Arnold Gallagher Saydack Percell
  Roberts & Potter, P.C.
800 U.S. Bank Center
800 Willamette Street
P. O. Box 1758
Eugene, OR 97440-1758
    Attorneys for Marist High School
    Parent & Alumni Service Club

**REQUESTS FOR NOTICE:**

Steven M. Hedberg
Douglas R. Pahl
Jeanette L. Thomas
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
    Attorneys for Parishes and
    Parishioners Committee

John L. Langslet
Scott A. Kamin
Michael J. Farrell
Martin, Bischoff, Templeton,
  Langslet & Hoffman
900 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204
    Attorneys for Oregon Insurance
    Guaranty Association

☒ mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each party's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth below;

Page 1 of 2 - CERTIFICATE OF SERVICE

1       ☐ causing a copy thereof to be hand-delivered to each party at each party's last-known address on the date set forth below;

2

3       ☐ sending a copy thereof via overnight courier in a sealed, prepaid envelope, addressed to each party's last-known address on the date set forth below;

4       ☐ faxing a copy thereof to each party at such party's last-known facsimile number on the date set forth below; or

5

6       ☐ e-mailing a copy thereof to each party at such party's last-known e-mail address on the date set forth below.

7       DATED this 3rd day of June, 2005.

8       TONKON TORP LLP

9

10

11       By _____
      ALBERT N. KENNEDY, OSB No. 82142
      Attorneys for Tort Claimants Committee

12

13 032545\00001\631930 V002

Page 2 of 2 - CERTIFICATE OF SERVICE