CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

JUL 2 2 2005

LODGED_____REC'D_____
PAID_____DOCKETED____

Below is an order of the court.

U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, and successors, a corporation sole, dba the ARCHDIOCESE OF PORTLAND IN OREGON<br><br>Debtor. | NO. 04-37154-elp11 |
| TORT CLAIMANTS COMMITTEE,<br><br>Plaintiff,<br><br>v.<br><br>ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, and successors, a corporation sole, dba the ARCHDIOCESE OF PORTLAND IN OREGON,<br><br>Defendant. | Adversary Proceeding<br>No. 04-3292-elp<br><br>**ORDER (1) AUTHORIZING TORT CLAIMANTS COMMITTEE TO FILE FIRST AMENDED COMPLAINT, (2) CERTIFYING CLASS ACTION AND (3) APPOINTING CLASS COUNSEL** |

THIS MATTER having come on to be heard on plaintiff's Motion to Amend Complaint (the "Motion"), and the Court having heard and considered the arguments of counsel, the pleadings and records on file in this Adversary Proceeding and in the above-captioned bankruptcy case, the proposed Class Structure jointly submitted by the Debtor and the

PAGE 1 of 10 - ORDER (1) AUTHORIZING TORT CLAIMANTS COMMITTEE TO FILE FIRST AMENDED COMPLAINT, (2) CERTIFYING CLASS ACTION AND (3) APPOINTING CLASS COUNSEL

[54319-0001/CleanOrder.doc]

Committee of Catholic Parishes, Parishioners and Interested Parties (the "Parishioners Committee"), the Declaration of Father Charles Lienert ("Lienert"), Declaration of Father John Kerns ("Kerns"), Declaration of Father Leslie M. Sieg ("Sieg"), Declaration of John Rickman ("Rickman"), Declaration of Johnston Mitchell ("Mitchell"), Declaration of Glenn Pelikan ("Pelikan"), the Declaration of Douglas R. Pahl ("Pahl"), and the Agreement Regarding Class Action Structure (the "Agreement") made and entered into by and among plaintiff, the Debtor, the Parishioners Committee and others, as approved by the Court in its order entered on June 29, 2005, the Court makes the following findings:

A.    The notice of the Motion provided is appropriate in the particular circumstances presented herein.

B.    Class certification is an appropriate method for protecting the interests of class members and for resolving common issues of law and fact arising in the context of the Adversary Proceeding.

C.    The requirements for certification of a class under F.R.C.P. 23(a), made applicable to this Adversary Proceeding by Bankruptcy Rule 7023, have been satisfied as follows:

1.    The members of the class are so numerous that joinder of all is impracticable. There are 124 Catholic parishes (the "Parishes") and in excess of 300,000 parishioners in the State of Oregon west of the crest of the Cascade Mountains (the "Territory").

2.    Common questions of law and fact exist as to all class members. The Debtor contends, among other things, that it holds bare legal title to the Disputed Property (as that term is used in the First Amended Complaint) in its name, but that the Disputed Property is not property of the estate, that the Disputed Property is held in one or more trusts or held for the benefit of others, or that the Disputed Property is held subject to restrictions. Class members assert, among other things, that they hold an equitable interest in certain of the Disputed Property

or that the Disputed Property is subject to one or more restrictions, including trusts (Lienert at 6; Kerns at 6; Sieg at 6; Rickman at 8; Mitchell at 8; Pelikan at 6).

3.    Based upon the declarations of the proposed class representatives (collectively, the "Class Representatives"), St. Andrews Church (Portland), St. Anthony Church (Tigard) and St. Juan Diego Church possess claims and defenses that are typical of the members of Subclass One, and defendants John Rickman, Glenn Pelikan and Johnston Mitchell each possess claims and defenses that are typical of the members of Subclass Two (Lienert at 2; Kerns at 2; Sieg at 2; Rickman at 2, 6; Mitchell at 2, 5; Pelikan at 2, 4). Each contends, among other things, that significant portions of the Disputed Property are not property of the estate because such property is held in charitable, resulting or other trusts or is subject to restrictions created expressly or by operation of law for the benefit of class members. (Lienert at 6; Kerns at 6; Sieg at 6; Rickman at 8; Mitchell at 8; Pelikan at 6). Each Class Representative also contends, among other things, that the Disputed Property, or significant portions thereof, is the product of donations made for particular purposes and, therefore, is held by the Debtor in trust or subject to restrictions on use (Lienert at 6; Kerns at 6; Sieg at 6; Rickman at 8; Mitchell at 8; Pelikan at 6).

4.    Based on the declarations of the Class Representatives and the record herein, John Rickman, Glenn Pelikan and Johnston Mitchell, and defendants St. Andrews Church (Portland), as represented by its pastor, Rev. Charles Lienert, St. Anthony Church (Tigard), as represented by its pastor, Rev. Leslie M. Sieg, and St. Juan Diego Church, as represented by its pastor, Rev. John Kerns, will fairly and adequately protect the interests of the two subclasses.

D.    The additional requirements for certification of a class under F.R.C.P. 23(b)(3), made applicable to this Adversary Proceeding by Bankruptcy Rule 7023, have been satisfied as follows:

1.    The Court has concluded that the prerequisites of Rule 23(a) have been met.

2.    Any questions of law or fact common to members of the class predominate over questions affecting only individual members. Based on the Court's review of the record herein,

PAGE 3 of 10 - ORDER (1) AUTHORIZING TORT CLAIMANTS COMMITTEE TO FILE
FIRST AMENDED COMPLAINT, (2) CERTIFYING CLASS ACTION AND (3)
APPOINTING CLASS COUNSEL
[54319-0001/CleanOrder.doc]

including the pleadings filed by the Tort Claimants Committee, the Committee of Parishioners, the Debtor, and other parties active in the Adversary Proceeding, the issues that appear to be common to members of the subclasses, such as the legal status of the Parishes, application of trust law, constitutional and religious freedom issues, far exceed the questions that will affect only individual class members; and

3.    Due to the nature of the issues, the large number of Parishes, parishioners and others who may assert rights to the Disputed Property, and because this is an adversary proceeding naming a class of defendants that is commenced in a bankruptcy case, a class action is superior to other methods for the fair and efficient adjudication of the controversy. *Pertinent to this finding is the desirability of concentrating this litigation in a single proceeding.*

E.    There is no likelihood the plaintiff will commence independent actions against the class defendants other than in this adversary proceeding.

F.    This is a defendant class action that includes provisions limiting the liability of the Class Representatives. In order to protect the rights of the class defendants whose claims against the Class Representatives, if any, would be limited by the terms of this Order, those class defendants so choosing should have the right to opt out of this class. Fed R. Civ. Proc 23(b)(3), by its terms, would give any class defendant so choosing, the right to opt out of the class.

G.    The requirements for appointment of class counsel pursuant to F.R.C.P 23(g)(1), made applicable to this Adversary Proceeding by Bankruptcy Rule 7023, have been satisfied as follows:

1.    Perkins Coie LLP represented, and will continue to represent, the Parishioners Committee through its organization and intervention in this Adversary Proceeding.  As counsel for the Parishioners Committee, Perkins Coie LLP has performed extensive work in identifying and investigating potential claims and defenses, and has acquired and demonstrated extensive knowledge of the law applicable to the issues in this Adversary Proceeding.  Pahl at 2.

2.    Perkins Coie LLP is a full service law firm, with experience in class action proceedings, complex litigation, including matters involving the United States Constitution, and

PAGE  4 of 10 -  ORDER (1) AUTHORIZING TORT CLAIMANTS COMMITTEE TO FILE
FIRST AMENDED COMPLAINT, (2) CERTIFYING CLASS ACTION AND (3)
APPOINTING CLASS COUNSEL
[54319-0001/CleanOrder.doc]

a broad spectrum of bankruptcy matters, including adversary proceedings. Through its experience in these areas, counsel at Perkins Coie have gained substantial knowledge regarding each of the above areas. Pahl at 3.

3.    Perkins Coie LLP possesses and will commit ample resources to representing the class. Pahl at 4.

4.    Perkins Coie LLP will fairly and adequately represent the interests of the class.

H.    The Class Representatives state that their willingness to serve in such capacity is expressly conditioned upon the grant of certain protections, including limited liability and indemnity protection for actions taken by them in serving as Class Representatives. (Lienert at 5; Kerns at 5; Sieg at 5; Rickman at 13; Mitchell at 13; Pelikan at 13.) The proposed Class Representatives will not serve absent such protections, including the protections set forth in Section 1.02 and paragraph 2 of the Agreement. Due to the importance of the roles to be played by the Class Representatives in the Adversary Proceeding and the unique facts and issues presented in the Adversary Proceeding, including the proposal that the class be constituted as a defendant class, the protections requested by the volunteer Class Representatives are necessary and appropriate under the circumstances and are sufficiently analogous to the protections afforded to other participants in the bankruptcy process. In re WCI Cable, Inc., 282 B.R. 457, 476 (Bankr. D. Or. 2002); In re Tucker Freight Lines, Inc., 62 B.R. 213, 218 (Bankr. W.D. Mich. 1986).

I.    The Debtor has agreed to grant to plaintiff derivative standing to assert, with regard to the Disputed Property, the Debtor's rights and powers, as debtor-in-possession, under Section 544(a)(3) of the Bankruptcy Code.

NOW, THEREFORE, IT IS ORDERED:

1.    The Motion is granted. Plaintiff is authorized to file its First Amended Complaint, a copy of which is attached hereto as Exhibit 1.

2.    Plaintiff is granted standing to assert the claims and causes of action arising under 11 U.S.C. § 544(a)(3) alleged in the First Amended Complaint.

3.    Plaintiff's First Amended Complaint and the causes of action alleged therein are certified as a class action pursuant to F.R.C.P. 23(b)(3), made applicable to the Adversary Proceeding by Bankruptcy Rule 7023.

4.    The class of defendants shall consist of two subclasses, as follows: (i) Subclass One, consisting of all Parishes, including, but without limitation, their schools and missions located in the Territory, other than Parishes that from time to time are specifically named as defendants or intervenors; and (ii) Subclass Two, consisting of (a) each person who is, or at any time has been a Roman Catholic parishioner in the Territory ; (b) each person or entity that has at any time made gifts, donations, tithes or other contributions of money or other property (whether in the form of general offerings as part of Mass, special offerings, endowments, contributions or otherwise) to or for the benefit of any Parish or any Disputed Property in which any Parish claims any interest ("Parish Property"); and (c) each person or entity alleging an interest in respect of Parish Property (including, without limitation, an interest as a settlor, administrator or beneficiary of trusts in respect of Parish Property).  Subclass Two specifically does not include (aa) any person or entity to the extent they allege claims or interests in or to Disputed Property of Central Catholic High School, Regis High School or Marist High School; (bb) any person or entity that from time to time is specifically named as a defendant or intervenor; or (cc) any person or entity to the extent they hold a specific lien of record in relation to Disputed Property.

5.    The Adversary Proceeding involves claims, or potential claims, by class members that relate to the Disputed Property.  The Adversary Proceeding does not involve claims that could result in personal liability or affirmative recoveries from class members.  In no event shall any class member be subject to personal liability or affirmative recoveries solely as a result of their status as a class member.

6.    The Court hereby designates St. Andrews Church (Portland), as represented by its pastor, Rev. Charles Lienert, St. Anthony Church (Tigard), as represented by its pastor, Rev. Leslie M. Sieg, and St. Juan Diego Church, as represented by its pastor, Rev. John Kerns, as Class Representatives for Subclass One. The Court hereby designates John Rickman, Glenn Pelikan and Johnston Mitchell as class representatives of Subclass Two.

7.    No Class Representative shall have or incur any liability to any member of the Class for any action taken or omitted to be taken in serving as a Class Representative except for liability for claims, losses and damages resulting from willful misconduct or gross negligence and, in all respects, each Class Representative shall be entitled to rely upon the advice of counsel with respect to such person's duties and responsibilities with respect to the Class or Subclass represented by such person. In addition, no Class Representative shall have or incur any liability with regard to expenses, legal or otherwise, arising out of or relating to the Class representation in this Adversary Proceeding.

8.    The Debtor and its estate shall indemnify and hold harmless each Class Representative from and against, and reimburse each Class Representative with respect to, any and all demands, claims, losses, damages, liabilities, costs and expenses, including reasonable attorney's fees, incurred by reason of or arising out of or in connection with actions taken or omitted to be taken in serving as a Class Representative (collectively, the "Class Representatives' Liability"); provided, however, that neither the Debtor nor the estate shall be liable or responsible for any Class Representatives' Liability that results from willful misconduct or gross negligence; provided, further, that the maximum amount of the liability of the Debtor and its estate for indemnification to all Class Representatives is One Million Dollars ($1,000,000.00) in the aggregate, including attorney fees and costs. The form of the Indemnification Agreements shall be acceptable to the Debtor, the Office of the United States Trustee, the Tort Claimants Committee, the Future Claimants Representative and the Class Representatives. The Court shall retain jurisdiction to implement the indemnity contemplated by

this paragraph in the event the parties are unable to reach agreement on the form of indemnity agreement.

9.    The Court hereby appoints Perkins Coie LLP class counsel for both Subclass One and Subclass Two.

10.    Pursuant to F.R.C.P. 23(c)(2)(B), made applicable by Bankruptcy Rule 7023, notice of the entry of this Order, certification of the class and subclasses hereunder, appointment of the Class Representatives, and appointment of class counsel shall be provided to class members. Class members, as referenced in paragraph 4 above, shall be allowed to opt out of the class or subclasses or in any other respect object or provide input regarding the class. A further hearing regarding the form and method of notice shall be held on July 22, 2005 at 11:00 a.m.

11.    The filing by plaintiff of the First Amended Complaint, and the addition of Parishes as defendants or as a defendant subclass, are without prejudice to plaintiff's position that the Parishes are not legal entities separate from or independent of the Debtor, but rather are divisions of the Debtor. On May 5, 2005, plaintiff filed its Second Motion for Partial Summary Judgment seeking, among other things, a dismissal of the Debtor's First Affirmative Defense (Failure to Join Necessary Parties Needed for Just Adjudication) on the basis that the Parishes are not necessary parties to this proceeding because they have no legal existence independent of the Debtor and do not have the capacity to sue or be sued. Because plaintiff's First Amended Complaint names Parishes as a defendant subclass, the Second Motion for Partial Summary Judgment shall be restated and amended to seek a declaration that parishes are not legal entities separate from or independent of the Debtor and do not have the capacity to be sued. Plaintiff shall file forthwith its Restated Second Motion for Partial Summary Judgment and will rely on the previously filed supporting memorandum, concise statement of material facts, declarations and appendix, each filed on May 5, 2005. Responses to plaintiff's Second Motion for Partial Summary Judgment, as amended and restated, shall be due on September 19, 2005.

12. Until further order of this Court, the official caption in the Adversary Proceeding shall be that appearing on Exhibit 1 hereto.

Presented by:

SUSSMAN SHANK LLP

By_____
Howard M. Levine, OSB No. 80073
Attorneys for Debtor

TONKON TORP LLP

By_____
Albert N. Kennedy, OSB No. 82142
Attorneys for Tort Claimants Committee

GREENE & MARKLEY, P.C.

By_____
David A. Foraker, OSB No. 81228
Attorneys for Future Claimants Representative

PAGE 9 of 10 - ORDER (1) AUTHORIZING TORT CLAIMANTS COMMITTEE TO FILE
    FIRST AMENDED COMPLAINT, (2) CERTIFYING CLASS ACTION AND (3)
    APPOINTING CLASS COUNSEL
    [54319-0001/CleanOrder.doc]

PERKINS COIE LLP


By _____
Steven M. Hedberg, OSB No. 84244
Douglas R. Pahl, OSB No. 95047
Attorney for Parishioners Committee and Proposed Class Counsel

cc:    U.S. Trustee's Office
       Sussman Shank LLP
       Schwabe Williamson & Wyatt, P.C.
       Rothgerber Johnson & Lyons LLP
       Ball Janik LLP
       Greene & Markley, P.C.
       Arnold Gallagher Saydack Percell Roberts & Potter, P.C.
       Perkins Coie LLP
       Martin, Bischoff, Templeton, Langslet & Hoffman
       Tonkon Torp LLP

032545/00001/610266 V001

Albert N. Kennedy, OSB No. 82142
   Direct Dial:   (503) 802-2013
   Facsimile:   (503) 972-3713
   E-Mail:   al@tonkon.com
Timothy J. Conway, OSB No. 85175
   Direct Dial:   (503) 802-2027
   Facsimile:   (503) 972-3727
   E-Mail:   tim@tonkon.com
Michael W. Fletcher, OSB No. 01044
   Direct Dial:   (503) 802-2169
   Facsimile:   (503) 972-3869
   E-Mail:   michaelf@tonkon.com
TONKON TORP LLP
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204

   Attorneys for Tort Claimants Committee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

ROMAN CATHOLIC ARCHBISHOP OF
PORTLAND IN OREGON, AND SUCCESSORS, A
CORPORATION SOLE, DBA THE ARCHDIOCESE
OF PORTLAND IN OREGON,

                  Debtor.

) Case No. 04-37154-elp11

TORT CLAIMANTS COMMITTEE,

                Plaintiff,

      v.

ROMAN CATHOLIC ARCHBISHOP OF
PORTLAND IN OREGON, AND SUCCESSORS, A
CORPORATION SOLE, dba THE ARCHDIOCESE
OF PORTLAND IN OREGON; JOHN RICKMAN,
GLENN PELIKAN and JOHNSTON MITCHELL,
individually and on behalf of all others similarly
situated; ST. ANDREWS CHURCH (PORTLAND),
as represented by its pastor, REV. CHARLES
LIENERT, ST. ANTHONY CHURCH (TIGARD), as
represented by its pastor, REV. LESLIE M. SIEG, and
ST. JUAN DIEGO CHURCH, as represented by its

) Adv. Proc. No. 04-03292-elp

**FIRST AMENDED
COMPLAINT
(DECLARATORY
JUDGMENT RE PROPERTY
OF THE ESTATE AND
AVOIDANCE PURSUANT
TO 11 U.S.C. § 544(a)(3) AND
QUIET TITLE)**

**Page 1 of 11** - FIRST AMENDED COMPLAINT (DECLARATORY JUDGMENT RE PROPERTY OF THE
ESTATE AND AVOIDANCE PURSUANT TO 11 U.S.C. § 544(a)(3)) AND QUIET TITLE

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Exhibit 1 – Page 1 of 11
ORDER AUTHORIZING COMMITTEE TO FILE
FIRST AMENDED COMPLAINT

pastor, REV. JOHN KERNS, individually and on behalf of all parishes; COMMITTEE OF CATHOLIC PARISHES, PARISHIONERS AND INTERESTED PARTIES; CENTRAL CATHOLIC HIGH SCHOOL PARENTS' ASSOCIATION; CENTRAL CATHOLIC HIGH SCHOOL ALUMNI ASSOCIATION; PHOEBE JOAN O'NEILL; MARIST HIGH SCHOOL PARENTS AND ALUMNI SERVICE CLUB; FRIENDS OF REGIS HIGH SCHOOL; MARIST HIGH SCHOOL FOUNDATION, an Oregon non-profit corporation; CATHOLIC YOUTH ORGANIZATION/CAMP HOWARD, an Oregon non-profit corporation; the ST. ELIZABETH PARISH OF PORTLAND, OREGON, an Oregon non-profit corporation; THE MISSIONARIES OF THE HOLY SPIRIT, a California corporation; REGIS ASSOCIATION; REGIS HIGH SCHOOL FOUNDATION, an Oregon non-profit corporation,

Defendants.

## GENERAL ALLEGATIONS

The Committee of Tort Claimants ("Committee") alleges as follows:

1.      The Committee is the Committee of Tort Claimants appointed by the United States Trustee pursuant to 11 U.S.C. § 1102(a)(1).

2.      The Roman Catholic Archbishop of Portland in Oregon, and successors, a corporation sole ("Debtor"), is an Oregon non-profit corporation doing business as the Archdiocese of Portland in Oregon.  Debtor was originally incorporated as a non-profit corporation in Oregon in 1874 with the name "Roman Catholic Archbishop of the Diocese of Oregon."  In 1940, Debtor's name was changed to "Roman Catholic Archbishop of the Archdiocese of Portland in Oregon."  In 1991, Debtor merged with the Archdiocese of Portland in Oregon, an Oregon nonprofit corporation, and was the surviving corporation resulting from the merger.  In 1994, Debtor filed Articles of Correction which stated its correct name as "Roman Catholic Archbishop of the Archdiocese of Portland in Oregon, and successors, a corporation sole."  Thereafter, Debtor filed its Articles of Amendment, which changed its name to "Roman Catholic Archbishop of Portland in Oregon, and successors, a

**Page 2 of 11 -**  FIRST AMENDED COMPLAINT (DECLARATORY JUDGMENT RE PROPERTY OF THE ESTATE AND AVOIDANCE PURSUANT TO 11 U.S.C. § 544(a)(3)) AND QUIET TITLE

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

corporation sole."

3. Catholic Youth Organization/Camp Howard ("CYO") is an Oregon non-profit corporation.

4. The St. Elizabeth Parish of Portland, Oregon ("St. Elizabeth") is an Oregon non-profit corporation.

5. Central Catholic High School Parents' Association ("CCHS Parents' Association") is an unincorporated association that has been authorized to intervene in this adversary proceeding by Order entered March 28, 2005. CCHS Parents' Association asserts that Debtor holds assets associated with Central Catholic High School in a charitable trust.

6. Central Catholic High School Alumni Association ("CCHS Alumni Association") is an unincorporated association that has been authorized to intervene in this adversary proceeding by Order entered March 28, 2005. CCHS Alumni Association asserts that Debtor holds assets associated with Central Catholic High School in a charitable trust.

7. Marist High School Parent and Alumni Service Club ("Marist Association") is an unincorporated association. Marist Association has filed a proof of claim asserting a beneficial interest in certain real property with respect to which fee title is held by Debtor. Marist Association also filed a motion to intervene as a defendant, which motion was granted at a hearing held on June 24, 2005.

8. Marist High School Foundation ("Marist Foundation") is an Oregon non-profit corporation. Marist Foundation has filed a proof of claim asserting an equitable lien on certain real property with respect to which fee title is held by Debtor.

9. The Committee of Catholic Parishes, Parishioners and Interested Parties ("Parishioners Committee") has been authorized to intervene in this adversary proceeding by Order entered on March 22, 2005.

10. Friends of Regis High School ("Regis Association") is an unincorporated association.

**Page 3 of 11** - FIRST AMENDED COMPLAINT (DECLARATORY JUDGMENT RE PROPERTY OF THE ESTATE AND AVOIDANCE PURSUANT TO 11 U.S.C. § 544(a)(3)) AND QUIET TITLE

Exhibit 1 – Page 3 of 11
ORDER AUTHORIZING COMMITTEE TO FILE
FIRST AMENDED COMPLAINT

11. Phoebe Joan O'Neill is an individual resident of the State of Oregon. Phoebe Joan O'Neill has filed a proof of claim asserting that she is a beneficial owner of certain real property with respect to which the fee title is held by Debtor.

12. The Missionaries of the Holy Spirit is a California corporation (the "Missionaries").

13. John Rickman is a resident of Beaverton, Oregon. Rickman has been a parishioner of St. Pius X parish in Beaverton, Oregon for many years. Rickman contends that he has contributed to the parish and the St. Pius X school through offertory donations and donations for special appeals.

14. Johnston Mitchell is a resident of Portland, Oregon. Mitchell has been a parishioner at Madeline parish for many years and contends that he has contributed to the parish through offertory donations and donations for special appeals.

15. Glenn Pelikan is a resident of Portland, Oregon. Pelikan is a member of St. Rose of Lima parish. Pelikan contends that he has contributed to the parish and school through offertory donations and donations for special appeals.

16. St. Andrews Church (Portland), St. Anthony Church (Tigard) and St. Juan Diego Church are parishes within Debtor and represented by their pastors, Rev. Charles Lienert, Rev. Leslie M. Sieg and Rev. John Kerns, respectively (together, the "Representative Parishes").

17. Regis High School Foundation is an Oregon non-profit corporation.

18. Jurisdiction over this adversary proceeding arises under 28 U.S.C. §§ 1334(b) and 157(b), and Rule 2101-1 of the Local Rules of Civil Procedure for the United States District Court for the District of Oregon.

19. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this is a core proceeding arising in a bankruptcy case pending in this district.

20. This proceeding is a core proceeding under 28 U.S.C. § 157(b).

**Page 4 of 11** - FIRST AMENDED COMPLAINT (DECLARATORY JUDGMENT RE PROPERTY OF THE ESTATE AND AVOIDANCE PURSUANT TO 11 U.S.C. § 544(a)(3)) AND QUIET TITLE

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Exhibit 1 – Page 4 of 11
ORDER AUTHORIZING COMMITTEE TO FILE
FIRST AMENDED COMPLAINT

21.    On July 6, 2004 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

22.    The filing by Debtor of its voluntary petition created an estate comprised of the property described in 11 U.S.C. § 541(a), wherever located and by whomever held, including all legal or equitable interests of Debtor in property as of the commencement of the case, and any interest in property that the estate acquires after the commencement of the case.

23.    On July 30, 2004, pursuant to 11 U.S.C. § 521 and Bankruptcy Rule 1007(b), Debtor filed its Statement of Financial Affairs and its Schedules of Assets and Liabilities. On October 13, 2004, Debtor filed an Amended Statement of Financial Affairs.

24.    On Schedule B, Personal Property, to Debtor's Schedules of Assets and Liabilities, Debtor listed the following personal property that is being held in Debtor's name or has been deposited or invested in accounts in Debtor's name, but that "Debtor does not consider to be property of the estate:"

a.    An Umpqua Bank Money Market Account with a balance of $17,554.33 containing funds that Debtor does not consider to be property of the estate;

b.    A Union Bank Short-Term Cash Account with a balance of $9,625,214 as of June 30, 2004 containing funds that Debtor does not consider to be property of the estate;

c.    A Union Bank of California Equity Account with a value as of June 30, 2004 of $59,546,693 that Debtor does not consider to be property of the estate;

d.    Union Bank of California Archdiocese Fixed Income Accounts with a value as of June 30, 2004 of $28,680,991 that Debtor does not consider to be property of the estate; and

e.    Certain machinery, equipment, fixtures and inventory that Debtor does not consider to be property of the estate.

**Page 5 of 11 -** FIRST AMENDED COMPLAINT (DECLARATORY JUDGMENT RE PROPERTY OF THE ESTATE AND AVOIDANCE PURSUANT TO 11 U.S.C. § 544(a)(3)) AND QUIET TITLE

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Exhibit 1 – Page 5 of 11
ORDER AUTHORIZING  COMMITTEE TO FILE
FIRST AMENDED COMPLAINT

25. On Schedule A, Real Property, of Debtor's Schedules of Assets and Liabilities, Debtor states that it holds bare legal title, but no equitable or beneficial interest, in certain real property assets listed in response to Question 14 on Debtor's Statement of Financial Affairs.

26. In response to Question 14 on its Statement of Financial Affairs, Debtor attached Exhibits 14.a and 14.b as follows:

a. In Exhibit 14.a to Debtor's Statement of Financial Affairs, Debtor states that it is holding for others certain bank accounts, investment accounts and other funds and accounts, more particularly described in Exhibit 14.a.

b. In Exhibit 14.b to Debtor's Statement of Financial Affairs, Debtor states that it holds bare legal title to certain real properties for the benefit of parishes, schools, cemeteries and others, and that Debtor has no legal or beneficial interests in the properties, all as more particularly described in Exhibit 14.b to Debtor's Statement of Financial Affairs. Exhibit 14.b. includes certain properties that appear to be titled in the name of St. Elizabeth.

27. The Committee contends that the real and personal property listed in response the Question 14 to Debtor's Statement of Financial Affairs, as amended, and the real and personal property identified on Schedules A and B to Debtor's Schedules of Assets and Liabilities as property that Debtor does not consider to be property of the estate or that Debtor contends is being held by Debtor for others is, in fact, property of Debtor's estate free and clear of the interests of any other person or entity. All such property, except as specifically excluded hereafter in this paragraph 27, shall be referred to together as the "Disputed Property" and Disputed Property that is real property may be referred to separately as "Disputed Real Property." Disputed Property that is the subject of this Amended Complaint will exclude (a) any real property in which title is vested in the name of St. Elizabeth; (b) the personal property that consists of funds, if any, that at all times relevant

Page 6 of 11 - FIRST AMENDED COMPLAINT (DECLARATORY JUDGMENT RE PROPERTY OF THE ESTATE AND AVOIDANCE PURSUANT TO 11 U.S.C. § 544(a)(3)) AND QUIET TITLE

Exhibit 1 – Page 6 of 11
ORDER AUTHORIZING COMMITTEE TO FILE
FIRST AMENDED COMPLAINT

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

hereto have been and are identified, designated, segregated and maintained by Debtor as the Catholic Education Endowment Fund, the Priests Retirement Fund, the Archdiocesan Cemeteries Fund and the Seminary Education Fund; and (c) cemetery plots that have been sold, assigned or otherwise transferred by Debtor.

### CLASS ACTION ALLEGATIONS

28.     The Committee brings this action as a class action pursuant to Bankruptcy Rule 7023 and Federal Rules of Civil Procedure 23(a) and 23(b) against a class consisting of all parishes, parishioners, donors and other interested parties who contend that they have an equitable or beneficial interest in the Disputed Property.  The class consists of two subclasses.  One subclass will include all of the parishes, including their schools and missions now or hereafter located within Debtor's territory.  The second subclass consists of: (a) each person who is, or at any time has been or hereafter is a Roman Catholic parishioner in the territory of Debtor; (b) each person or entity that has at any time made gifts, donations, tithes or other contributions of money or other property (whether in the form of general offerings as part of Mass, special offerings, endowments, contributions or otherwise) to or for the benefit of any parish or any Disputed Property in which any parish claims any interest ("Parish Property"); and (c) each person or entity alleging an interest in respect of Parish Property (including, without limitation, an interest as a settlor, administrator or beneficiary of trusts in respect of Parish Property).  Subclass Two specifically does not include (aa) any person or entity to the extent they allege claims or interests in or to Disputed Property of Central Catholic High School, Regis High School or Marist High School; (bb) any person or entity that from time to time is specifically named as a defendant or intervenor; or (cc) any person or entity to the extent they hold a specific lien of record in relation to Disputed Property.

29.     Upon information and belief, certain defendants contend that parishes are entities separate from Debtor.  The Committee denies that contention and names the

**Page 7 of 11** -  FIRST AMENDED COMPLAINT (DECLARATORY JUDGMENT RE PROPERTY OF THE ESTATE AND AVOIDANCE PURSUANT TO 11 U.S.C. § 544(a)(3)) AND QUIET TITLE

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Exhibit 1 – Page 7 of 11
ORDER AUTHORIZING COMMITTEE TO FILE
FIRST AMENDED COMPLAINT

parishes as defendants and as a defendant subclass solely as a precaution and pending a determination of whether or not parishes have the capacity to be sued. Debtor's parishes and schools are not legal entities separate from or independent of Debtor, but rather are divisions of Debtor and/or real or personal property of Debtor. On May 5, 2005, the Committee filed its Second Motion for Partial Summary Judgment seeking, among other things, a determination that parishes are not necessary parties to this proceeding because they do not have the capacity to sue or be sued because they have no legal existence independent of Debtor. By naming parishes as a subclass, the Committee is not waiving its position that the parishes do not have a legal existence independent of Debtor and do not have the capacity to sue or be sued and the Committee specifically preserves those arguments.

30.    The members of the class are so numerous that joinder of all is impracticable. Debtor owns and operates approximately 124 parishes and three high schools. On information and belief, there are approximately 389,000 parishioners in the Archdiocese. There are numerous persons who have made donations or contributions to the Archdiocese. There are numerous persons who assert that they hold an equitable interest in certain of Debtor's assets.

31.    Common questions of law and fact exist as to all class members. Debtor contends that it holds the Disputed Property in its name but does not consider such property to be property of the estate. Debtor contends that the Disputed Property is in fact held for parishes, parishioners, donors and others.

32.    Class members contend that they made donations with the intent that the money and property donated be dedicated to the respective parish or school and that such donations and intentions create trusts enforceable under Oregon law. Class members contend that they are beneficiaries of these alleged trusts and possess rights under Oregon law to enforce such trusts. Class members contend that significant portions of Debtor's real and personal property are not property of the estate because the Archdiocese holds only legal title

**Page 8 of 11** - FIRST AMENDED COMPLAINT (DECLARATORY JUDGMENT RE PROPERTY OF THE ESTATE AND AVOIDANCE PURSUANT TO 11 U.S.C. § 544(a)(3)) AND QUIET TITLE

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Exhibit 1 – Page 8 of 11
ORDER AUTHORIZING COMMITTEE TO FILE
FIRST AMENDED COMPLAINT

and not an equitable interest in such property. Class members contend that they are the beneficiaries of trusts in the Disputed Property created by Oregon law.

33. Rickman, Pelikan, Mitchell and the Representative Parishes each contend that significant portions of the Disputed Property are not property of the estate because such property is held in charitable, resulting or other trusts created by operation of law for the benefit of class members. Each defendant contends that the Disputed Property, or significant portions thereof, is the product of donations made for particular purposes and, therefore, is held by Debtor in trust or subject to restrictions on use. These defendants' defenses and contentions are typical of the defenses and contentions of class members. All class members will be similarly affected by resolution of the legal questions presented.

34. Defendants Rickman, Pelikan and Mitchell will fairly and adequately protect the interests of the subclass of parishioners, donors and other interested parties. The Representative Parishes will fairly and adequately protect the interests of the subclass of Debtor's parishes.

35. A class should be certified: (a) under Rule 23(b)(1)(A) to ensure consistent adjudications with respect to all class members asserting equitable or beneficial interests in Debtor's property; or alternatively, (b) under Rule 23(b)(1)(B) because adjudications with respect to individual class members claims would, as a practical matter, be dispositive of the interests of other class members not party to the adjudication or, in the further alternative, (c) under Rule 23(b)(2) because the Committee asserts claims for declaratory relief with respect to the class as a whole. The class should consist of two subclasses as described in paragraph 28.

### FIRST CAUSE OF ACTION

#### (Declaratory Relief)

36. The Committee repeats and realleges each of the allegations contained in paragraphs 1 through 35.

Page 9 of 11 - FIRST AMENDED COMPLAINT (DECLARATORY JUDGMENT RE PROPERTY OF THE ESTATE AND AVOIDANCE PURSUANT TO 11 U.S.C. § 544(a)(3)) AND QUIET TITLE

Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Exhibit 1 - Page 9 of 11
ORDER AUTHORIZING COMMITTEE TO FILE
FIRST AMENDED COMPLAINT

37.    The Committee contends that the Disputed Property is, in fact, property of Debtor's estate free and clear of the interests of any other person.

38.    Defendants and defendant class members claim or may claim an interest in certain of the Disputed Property.

39.    An actual controversy exists with respect to the interests of the estate in the Disputed Property.

## SECOND CAUSE OF ACTION

### (Avoidance Pursuant to 11 U.S.C. § 544(a)(3))

40.    The Committee repeats and realleges each of the allegations contained in paragraphs 1 through 35.

41.    All unrecorded interests in the Disputed Real Property would be voidable by a bona fide purchaser of such real property who properly perfected such purchase at the time of the commencement of this bankruptcy case.

42.    All unrecorded interests in the Disputed Real Property are voidable pursuant to 11 U.S.C. § 544(a)(3).

## THIRD CAUSE OF ACTION

### (Quiet Title)

43.    The Committee repeats and realleges each of the allegations contained in paragraphs 1 through 35.

44.    None of the alleged beneficial interests of defendants, or any of them, in the Disputed Real Property were indicated or named in the vesting deed granted to Defendant.

45.    None of the alleged beneficial or equitable interests of defendants, or any of them, in the Disputed Real Property were created, transferred or declared by an instrument in writing and subscribed by the party creating, transferring or declaring the interest.

**Page 10 of 11** -FIRST AMENDED COMPLAINT (DECLARATORY JUDGMENT RE PROPERTY OF THE ESTATE AND AVOIDANCE PURSUANT TO 11 U.S.C. § 544(a)(3)) AND QUIET TITLE

46.     No notice of the alleged beneficial or equitable interests of defendants, or any of them, in the Disputed Real Property is recorded in the real estate records maintained in any county of the State of Oregon.

WHEREFORE, the Committee prays for :

(a)     On the First Cause of Action, a declaratory judgment that the Disputed Property is property of the estate free of the interests of any other person or entity;

(b)     On the Second Cause of Action, a judgment avoiding all interests in the Disputed Real Property that are avoidable pursuant to 11 U.S.C. § 544(a)(3) by a hypothetical bona fide purchaser of real property as of the Petition Date;

(c)     On the Third Cause of Action, a judgment declaring that any interests in the Disputed Real Property that were not created, transferred or declared in the deed or instrument transferring the Disputed Real Property to Debtor or recorded in the appropriate county real estate records are void and Debtor may transfer the Disputed Real Property free of any such interests; and

(d)     Such other and further relief as is just and equitable.

DATED this _____ day of July, 2005.

TONKON TORP LLP


By _____
ALBERT N. KENNEDY, OSB No. 82142
Attorneys for Tort Claimants Committee

032545\00001\617280 V004

**Page 11 of 11** -FIRST AMENDED COMPLAINT (DECLARATORY JUDGMENT RE PROPERTY OF THE ESTATE AND AVOIDANCE PURSUANT TO 11 U.S.C. § 544(a)(3)) AND QUIET TITLE

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Exhibit 1 – Page 11 of 11
ORDER AUTHORIZING COMMITTEE TO FILE
FIRST AMENDED COMPLAINT