CLERK US BANKRUPTCY COURT
DISTRICT OF OREGON

'05 AUG 16 P3:18

LODGED____ REC'D____
PAID____ DOCKETED____

**Albert N. Kennedy**, OSB No. 82142
Direct Dial: (503) 802-2013
Facsimile: (503) 972-3713
E-Mail: al@tonkon.com
**Timothy J. Conway**, OSB No. 85175
Direct Dial: (503) 802-2027
Facsimile: (503) 972-3727
E-Mail: tim@tonkon.com
**Michael W. Fletcher**, OSB No. 01044
Direct Dial: (503) 802-2169
Facsimile: (503) 972-3869
E-Mail: michaelf@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204

Attorneys for Tort Claimants Committee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, AND SUCCESSORS, A CORPORATION SOLE, DBA THE ARCHDIOCESE OF PORTLAND IN OREGON,

Debtor.

Case No. 04-37154-elp11

---

TORT CLAIMANTS COMMITTEE,

Plaintiff,

v.

ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, AND SUCCESSORS, A CORPORATION SOLE, dba THE ARCHDIOCESE OF PORTLAND IN OREGON; JOHN RICKMAN, GLENN PELIKAN and JOHNSTON MITCHELL, individually and on behalf of all others similarly situated; ST. ANDREWS CHURCH (PORTLAND), as represented by its pastor, REV. CHARLES LIENERT, ST. ANTHONY CHURCH (TIGARD), as represented by its pastor, REV. LESLIE M. SIEG, and ST. JUAN DIEGO CHURCH, as represented by its

Adv. Proc. No. 04-03292-elp

**TORT CLAIMANTS COMMITTEE'S MEMORANDUM IN SUPPORT OF THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT (11 U.S.C. § 544(a)(3))**

pastor, REV. JOHN KERNS, individually and on behalf of all parishes; COMMITTEE OF CATHOLIC PARISHES, PARISHIONERS AND INTERESTED PARTIES; CENTRAL CATHOLIC HIGH SCHOOL PARENTS' ASSOCIATION; CENTRAL CATHOLIC HIGH SCHOOL ALUMNI ASSOCIATION; PHOEBE JOAN O'NEILL; MARIST HIGH SCHOOL PARENTS AND ALUMNI SERVICE CLUB; FRIENDS OF REGIS HIGH SCHOOL; MARIST HIGH SCHOOL FOUNDATION, an Oregon non-profit corporation; CATHOLIC YOUTH ORGANIZATION/CAMP HOWARD, an Oregon non-profit corporation; the ST. ELIZABETH PARISH OF PORTLAND, OREGON, an Oregon non-profit corporation; THE MISSIONARIES OF THE HOLY SPIRIT, a California corporation; REGIS ASSOCIATION; REGIS HIGH SCHOOL FOUNDATION, an Oregon non-profit corporation,

Defendants.

## I. INTRODUCTION

On July 22, 2005, this Court entered its Order (1) Authorizing Tort Claimants Committee to File First Amended Complaint, (2) Certifying Class Action and (3) Appointing Class Counsel. The Order granted plaintiff standing to assert the claims and causes of action arising under 11 U.S.C. § 544(a)(3) as alleged in plaintiff's First Amended Complaint. Subsequently, plaintiff filed its First Amended Complaint, and plaintiff has now filed its Third Motion for Partial Summary Judgment seeking partial summary judgment (a) avoiding, pursuant to 11 U.S.C. § 544(a)(3) the equitable or beneficial interests, if any, of all defendants other than Debtor in certain Test Properties (as that term is defined herein) and (b) declaring that Debtor holds title to such Test Properties free and clear of any such equitable or beneficial interests (the "Third Motion").

The undisputed facts are that title to all of the Test Properties (with one exception) is vested in Debtor[1]; no defendant, other than Debtor, has any interest of record in any of the Test Properties; Debtor has authority to acquire, hold and dispose of the Test

[1] Debtor is the land contract vendee on one parcel.

Properties pursuant to Debtor's Articles of Incorporation and Oregon law; Debtor has routinely conveyed interests in church property, including the Test Properties; and all of the Test Properties are being used as Catholic churches, schools or cemeteries. Plaintiff is accordingly entitled to judgment as a matter of law.

## II. THE TEST PROPERTIES

On January 31, 2005, Debtor filed its notice designating 10 parishes/schools for consideration in connection with the then pending motion for partial summary judgment. The Test Properties subject to this motion are properties listed on Exhibit 14 dated September 23, 2004 attached in response to question 14 to Debtor's Amended Statement of Financial Affairs filed in Debtor's bankruptcy case on October 13, 2004 as being beneficially or equitably owned by the parishes and school designated by Debtor in its notice filed on January 31, 2005. The Test Properties are more particularly identified on Exhibit 1 to the Third Motion and Exhibit 1 to this Memorandum. Exhibit 1 identifies each Test Property by real property tax account number, location and Preliminary Title Report. The property tax account numbers correspond to the numbers stated on Exhibit 14 to Debtor's Amended Statement of Financial Affairs, a copy of which is attached as Exhibit 4 to the Declaration of Albert N. Kennedy ("Kennedy Decl."). Each of the Preliminary Title Reports is attached as an exhibit to the Affidavit of Malcolm Newkirk ("Newkirk Aff."). The Test Properties do not include a parcel acquired by Debtor in December of 2003 and identified on Exhibit 14 to Debtor's Amended Statement of Financial Affairs as Marion County real property tax number R103758.

## III. FACTS

The facts supporting plaintiff's Third Motion for Partial Summary Judgment are undisputed.

Debtor is an Oregon non-profit corporation. Debtor's Articles of Incorporation state, in relevant part, the following:

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

> Know all men by these presents; that I, Francis Norbet Blanchet, Archbishop of the Roman Catholic Church of the Diocese of Oregon, including the State of Oregon, and being the duly appointed Archbishop of said Church for said Diocese, . . . and in whom is now vested the legal title of the Catholic Church property in said Diocese do hereby make and subscribe these Articles of Incorporation . . .
>
> 2nd, That the object and purpose of this corporation is . . . for acquiring, holding and disposing of church property for the benefit of the Roman Catholic Church for works of charity and for public worship.
>
> 3rd, That the estimated value of church property and money held by me as Archbishop of the aforesaid Diocese at this date is about Forty Seven Thousand Dollars, and consists principally of church property situated in various parts of the State of Oregon. And the sources of revenue or income designed for the support and maintenance of the objects and purposes hereinbefore specified and mentioned, are the gifts and contributions of the people, to the same.

Kennedy Decl., Exs. 1, 2.

Oregon statutes authorize non-profit corporations to acquire, hold and dispose of real property. ORS 65.077 provides in relevant part:

> Unless its articles of incorporation provide otherwise, every corporation has perpetual duration and succession in its corporate name, and has the same powers as an individual to do all things necessary or convenient to carry out its affairs, including, without limitation, power to:
>
> . . .
>
> (4) Purchase, take by gift, devise or bequest, receive, lease or otherwise acquire, and own, hold, improve, use and otherwise deal with real and personal property or any interest in property, wherever located.
>
> (5) Sell, convey, mortgage, pledge, lease, exchange, transfer or otherwise dispose of all or any part of its property.
> . . .

ORS 65.531 states as follows:

> (1) A corporation may, on the terms and conditions and for the consideration determined by the board of directors:

**Page 4 of 13-** TORT CLAIMANTS COMMITTEE'S MEMORANDUM IN SUPPORT OF THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT (11 U.S.C. § 544(a)(3))

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

    > (a) Sell, lease, exchange or otherwise dispose of all or substantially all of its property in the usual and regular course of its activities; or
>
> (b) Mortgage, pledge, dedicate to the repayment of indebtedness, whether with or without recourse, or otherwise encumber any or all of its property, whether or not in the usual and regular course of its activities.
>
> (2) Unless required by the articles of incorporation, approval by the members or any other person of a transaction described in subsection (1) of this section is not required.

None of the 10 designated parishes/schools is currently an entity organized under Oregon law and none of the parishes/schools have registered an assumed business name. Affidavit of Patricia L. Miller ("Miller Aff."), ¶ 3 (Docket No. 28). Only one of the test parishes has ever had a corporate existence. Immaculate Conception Parish of Stayton, Oregon was an Oregon non-profit corporation from October of 1962 until it was dissolved in October of 1997. Kennedy Decl., Ex. 5, Ex. 6 at 14, 33. Upon dissolution, Immaculate Conception Parish of Stayton, Oregon, an Oregon corporation, transferred its interests in real property to Debtor by deeds executed on behalf of Immaculate Conception Parish of Stayton, Oregon, an Oregon corporation, by John G. Vlazny, Archbishop of Portland in Oregon. Newkirk Aff., Ex. 11 at 1, 2, 5-8; Kennedy Dec., Ex. 6 at 14, 15, 33, 106-111.

Title to all of the Test Properties, with one exception, is vested in Debtor. Newkirk Aff., Exs. 1-20, 22; Kennedy Decl., Ex. 4, Ex. 7 at 3. Title to one of the Test Properties (Marion County tax Account No. R103753) is vested in the name of Magdalene Lackner and is subject to a contract of sale pursuant to which Magdalene Lackner is seller and Immaculate Conception Parish of Stayton, Oregon, a non-profit corporation, is purchaser. The interests of Immaculate Conception Parish of Stayton, Oregon, an Oregon corporation, were conveyed to Debtor by deed executed by John G. Vlazny, Archbishop of Portland in Oregon. Newkirk Aff., Ex. 11.

No defendant, except Debtor, has an interest of record in or to any of the Test

**Page 5 of 13-** TORT CLAIMANTS COMMITTEE'S MEMORANDUM IN SUPPORT OF THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT (11 U.S.C. § 544(a)(3))

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Properties. Newkirk Aff., Exs. 1-20, 22. None of the vesting deeds pursuant to which Debtor obtained title to any of the Test Properties reflect or reserve any interest in such Test Properties in any defendant except Debtor. Kennedy Decl., Ex. 6 at 3-132; Ex. 12. Debtor has routinely conveyed interests in its real property, including interests in and portions of the Test Properties, by deeds executed solely in Debtor's name. Kennedy Decl., Ex. 6 at 8, 11, 19, 57, 87, 127-132, Ex. 11; Newkirk Aff., Exs. 1, 4, 5, 7, 8 and 22.

Each of the Test Properties is being used as a Catholic church, Catholic school or Catholic cemetery. Kennedy Decl., Exs. 4, 8, 9, 10; Declaration of Karen Bachman ("Bachman Decl."), Exs. 1-8; Declaration of Anne L. Lewis ("Lewis Decl."), Exs. 1 and 2.

Attached hereto as Exhibit 2 is a table setting forth each Test Property, its use, and references to the relevant Preliminary Title Reports, vesting deeds and transfer deeds.

## IV. ANALYSIS

### A. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted if, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there is no genuine issue of material fact, the burden shifts to the non-moving party to go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The non-movant's evidence must create more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Summary judgment may be granted as to all or part of a plaintiff's case, as appropriate. Fed. R. Civ. P. 56(b).

### B. DEFENDANT CLASS MEMBERS' PURPORTED EQUITABLE INTERESTS IN THE TEST PROPERTIES ARE AVOIDABLE UNDER SECTION 544(A)(3)

Even if members of the Defendant Class could prove the existence of equitable interests in the Test Properties, those interests are avoidable and the Test Properties

**Page 6 of 13-** TORT CLAIMANTS COMMITTEE'S MEMORANDUM IN SUPPORT OF THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT (11 U.S.C. § 544(a)(3))

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

will be part of Debtor's estate, free of any such interests.[2] Any such equitable interests are unrecorded and avoidable under Section 544(a)(3).

**1. SECTION 544(A)(3) AVOIDS UNRECORDED EQUITABLE INTERESTS IN REAL PROPERTY THAT WOULD HAVE BEEN AVOIDABLE BY A HYPOTHETICAL BFP AT THE MOMENT OF THE BANKRUPTCY FILING**

Section 544(a)(3) allows the bankruptcy trustee to avoid all obligations, equitable interests, and transfers that would be avoidable by "a bona fide purchaser of real property . . . that obtains the status of a bona fide purchaser . . . at the time of the commencement of the [bankruptcy] case, whether or not such a purchaser exists." *See In re Probasco*, 829 F.2d 1352, 1354 (9th Cir. 1988); *In re Seaway Express Corp.*, 912 F.2d 1125, 1128-29 (9th Cir. 1990) ("When a creditor claims an inchoate equitable interest in real property owned by the debtor at the commencement of the case, which interest is not evidenced by a recorded interest and not yet granted by a state court, the trustee as bona fide purchaser prevails."); *In re Tleel*, 876 F.2d 769 (9th Cir. 1989).

For purposes of Section 544(a)(3), the hypothetical bona fide purchaser ("BFP") is defined as a person who (1) at the instant the petition is filed purchases from the debtor (2) for value (3) in good faith (4) without actual knowledge of any defect or limitation in title (5) every interest in real property the debtor could have purported to convey without the conveyancing instrument itself evidencing irregularity (6) by an instrument that adheres to all formal requisites usually and regularly followed in the relevant jurisdiction, and (7) who as of the moment of purchase, takes all unilateral steps possible under relevant nonbankruptcy law to perfect the conveyance. *In re Weisman*, 5 F.3d 417, 420 n.6 (9th Cir.

[2] Defendant Class members must clear a high evidentiary hurdle to show the existence of the equitable interests they have asserted in these proceedings. Under Oregon law, a party seeking to prove the existence of a trust must come forward with evidence that is "clear, unequivocal and convincing." *Shipe v. Hillman*, 206 Or. 556, 564 (1955). To satisfy this burden, the proponent of the trust must offer more than "the bare assertion by a third person that the grantor's purpose in making a conveyance was to create a trust . . . ." *Trustees of the Presbytery of the Willamette v. Hammer*, 235 Or. 564, 567 (1963).

**Page 7 of 13-** TORT CLAIMANTS COMMITTEE'S MEMORANDUM IN SUPPORT OF THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT (11 U.S.C. § 544(a)(3))

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1993), *citing In re Gurs*, 27 B.R. 163, 165 (9th Cir. BAP 1983).

### 2. OREGON LAW DETERMINES WHETHER THE HYPOTHETICAL BFP WOULD TAKE PRIORITY OVER UNRECORDED EQUITABLE INTERESTS

Section 544(a)(3) clothes the trustee with the attributes of a BFP and renders his actual notice of any equitable interests irrelevant. Whether the trustee's federally-defined status as a BFP defeats the rights of a person claiming an equitable interest in the debtor's real property is a question of state law. *In re Weisman*, 5 F.2d at 420. Oregon is a race-notice jurisdiction. Pursuant to ORS 93.640(1), an unrecorded conveyance or interest in real property is void against a (1) subsequent purchaser (2) in good faith (3) for a valuable consideration (4) who records first.[3]

Section 544(a)(3)'s hypothetical BFP already satisfies the standards of ORS 93.640(1). However, the Oregon Supreme Court has held that a subsequent purchaser who records first must also be "without notice" of any prior interests in order to have priority over such interests, and notice includes both actual and constructive notice. *High v. Davis*, 283 Or. 315, 332-33 (1978). Actual notice is irrelevant under Section 544(a)(3). For purposes of Section 544(a)(3), therefore, the hypothetical BFP's priority over unrecorded equitable interests turns on whether such a purchaser would have had constructive notice of those interests at the time of the bankruptcy filing. *See In re Gold Key Properties, Inc.*, 119 B.R. 787 (Bankr. D. Or. 1990) (applying Oregon constructive notice law); *In re Clearwater*, 1997 WL 101975, at *2-3 (Bankr. D. Or. Feb. 28, 1997) (same).

* * *

* * *

---

[3] Oregon's common-law priority rules, which apply where neither party's interest is recorded or recordable, also allow a BFP to take real property free of prior equitable interests. Under these rules, an equitable interest that is "first in time" yields to a legal claim that is "second in time" if the legal claimant is a BFP for value without notice. *See, e.g., Elwert v. Reid*, 70 Or. 318 (1914).

**Page 8 of 13-** TORT CLAIMANTS COMMITTEE'S MEMORANDUM IN SUPPORT OF THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT (11 U.S.C. § 544(a)(3))

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

### 3. A BFP WOULD HAVE HAD NO CONSTRUCTIVE NOTICE OF DEFENDANT CLASS MEMBERS' PURPORTED EQUITABLE INTERESTS, AND THESE INTERESTS ARE THEREFORE AVOIDABLE UNDER SECTION 544(A)(3)

Under Oregon real property, trust and nonprofit corporations law, a hypothetical BFP would have had no constructive notice of any unrecorded interests in the Test Properties. These interests are therefore avoidable under Section 544(a)(3).

#### a. Debtor is empowered to convey title to its real property, including the real property used by particular parishes and schools

The consequence of Section 544(a)(3) is that "[t]he estate gets what the debtor could *convey* under local law . . . ." *Belisle v. Plunkett*, 877 F.2d 512, 516 (7th Cir. 1989) (emphasis in original). In this case, Oregon law and Debtor's own Articles of Incorporation authorize it to convey real property. Debtor is incorporated as a non-profit corporation. The Oregon Nonprofit Corporation Act is codified in Chapter 65 of the Oregon Revised Statutes (the "Act"). ORS 65.077 unambiguously grants a non-profit corporation the power to acquire, hold, sell, convey and dispose of property unless the corporation's articles state otherwise. ORS 65.531(1)(a) empowers a nonprofit corporation to "[s]ell . . . or otherwise dispose of all or substantially all of its property in the usual and regular course of its activities . . . ." The Act further provides that a nonprofit need not obtain the approval of its members "or any other person" to sell assets, unless required by its articles of incorporation. ORS 65.531(2).

Here, Debtor's Articles of Incorporation, originally filed in 1874, state that the object and purpose of the corporation sole is the "acquiring, holding and disposing of church property for the benefit of the Roman Catholic Church for works of charity and for public worship." Kennedy Decl., Ex. 2. Debtor's Articles next provide that:

> [t]he estimated value of church property and money held by me as Archbishop of the aforesaid Diocese at this date is about Forty seven thousand Dollars, and consists principally of

**Page 9 of 13-** TORT CLAIMANTS COMMITTEE'S MEMORANDUM IN SUPPORT OF THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT (11 U.S.C. § 544(a)(3))

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

> church property situated in various parts of the State of Oregon. And the sources of revenue or income designed for the support and maintenance of the objects and purposes herein before specified and mentioned, are the gifts and contributions of the people, to the same.

*Id.*

A purchaser of real property from Debtor would reasonably draw a number of conclusions from the Act and Debtor's Articles. First, Oregon law permits Debtor to dispose of property without the approval of any person, unless its Articles provide otherwise. Second, Debtor's Articles state that Debtor holds title to the Catholic Church property in the diocese and grants Debtor the power to dispose of "church property." This phrase embraces "church property situated in various parts of the State of Oregon." The Articles make no reference to any equitable interests of parishes, parishioners, donors or other parties. In fact, the Articles state that the corporation relies on the "gifts and contributions of the people" for its maintenance. The purchaser would then conclude—as has every other purchaser of real property from Debtor since 1874—that Debtor has the statutory and corporate authority to give clear title to its property, wherever located in the Archdiocese.

**b. Under basic principles of real property law, the defendants cannot show that a hypothetical BFP would have had constructive notice of the purported equitable interests**

Oregon courts have historically divided constructive notice into two categories: "record notice" and "inquiry notice." A hypothetical BFP would not have had either form of constructive notice.

**(1) Record Notice**

There is no record notice here because Debtor holds title to all of the Test Properties, and no defendant has any recorded interest in any test property. Newkirk Aff., Exs. 1-20, 22.

**(2) Inquiry Notice**

Historically, inquiry notice arose under Oregon law when a purchaser could



**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

have determined the existence of a claimed interest in real property "through investigation based on facts available to the [purchaser] that would cause a reasonable person to make such inquiry." *Gorzeman*, 162 Or. App. at 93; *see also Akins v. Vermast*, 150 Or. App. 236, 242 (1997). The purchaser was charged with notice of any fact that a reasonable inquiry would have disclosed, regardless of whether the purchaser actually made the inquiry. *See High*, 283 Or. at 333-34.

In 1987, however, the Oregon legislature statutorily abolished the common-law doctrine of inquiry notice. Subject to certain qualifications not relevant here, ORS 93.643(1) provides:

> To give constructive notice of an interest in real property, a person must have documentation of the interest recorded in the indices maintained under ORS 205.130 in the county where the property is located. Such recordation, and no other record, constitutes constructive notice to any person of the existence of the interest . . . .

The defendants cannot satisfy the requirements of ORS 93.643(1) as to any of the Test Properties. *See* Newkirk Aff., Exs. 1-20, 22.

Even if inquiry notice survived the enactment of ORS 93.643(1), the defendants cannot show that a hypothetical BFP would have taken the Test Properties subject to unrecorded equitable interests. As Oregon courts have repeatedly underscored, a purchaser is not always under a duty to make inquiries. It is only when facts exist that would "provoke a reasonable and prudent person to investigate his prospective purchase" that the duty to inquire arises. *Stevens v. Am. Savings Institution, Inc.*, 289 Or. 349, 356 (1980). A reasonable hypothetical purchaser would not been under a duty to inquiry about potential equitable interests in the Test Properties.

**(3) The presence of defendants at the Test Properties is consistent with record title**

No duty of inquiry arises if the occupancy by another party is consistent with

**Page 11 of 13-** TORT CLAIMANTS COMMITTEE'S MEMORANDUM IN SUPPORT OF THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT (11 U.S.C. § 544(a)(3))

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

record title. *See In re Thomas*, 147 B.R. 526, 530-31 (9th Cir. BAP 1992); *see also* JOYCE PALOMAR, 1 PATTON & PALOMAR, ON LAND TITLES § 12 ("[F]or possession to afford notice of an unrecorded interest, enough inconsistency must exist between the possession and the record to raise a question in the mind of anyone having a transaction with the holder of the record title.").

A purchaser viewing the Test Properties would see nothing inconsistent with Debtor's exclusive ownership and plenary power to convey property. All of the Test Properties are being used as Catholic churches, Catholic schools or Catholic cemeteries. Kennedy Decl., Exs. 4, 8, 9, 10; Bachman Aff., Ex. 7; Lewis Aff., Exs. 1-2. Certainly, any purchaser would expect to see property owned by the Catholic Archdiocese being used by Catholics as a Catholic church or a Catholic school and for the purposes of the Catholic church. It would be unreasonable to require a purchaser to inquire into whether some individual or unincorporated division of Debtor, created for Debtor's internal purposes, might claim an equitable interest in the property. For the Court to rule otherwise would cast doubt on the ability of any purchaser to take good title from any nonprofit organization with donors, program participants or administrative subdivisions.

As detailed above, a nonprofit corporation can sell its property without the approval of its members or any other person, unless such approval is required by its articles of incorporation. ORS 65.531(1)(a) & (2). Debtor's Articles of Incorporation expressly authorize Debtor to acquire, hold and dispose of "church property" throughout the Archdiocese. Given Debtor's express power to acquire, hold and convey real property, it would be particularly unreasonable to impose on a purchaser the duty to inquire into the unrecorded interests of every Catholic whose presence on and use of the property is entirely consistent with Debtor's ownership of and purpose for the property.

* * *

* * *

**Page 12 of 13-** TORT CLAIMANTS COMMITTEE'S MEMORANDUM IN SUPPORT OF THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT (11 U.S.C. § 544(a)(3))

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

### 4. DEBTOR'S OWN CONVEYANCING PRACTICES BELIE ANY ARGUMENT THAT IT IS INCAPABLE OF GIVING CLEAR TITLE TO THE TEST PROPERTIES

Debtor's own practices attest to the fact that it is capable of giving clear title to its real property. Debtor has routinely conveyed interests in its property, including interests in the Test Properties, by deed executed by Debtor in Debtor's name. Newkirk Aff., Exs. 1, 4, 5, 7, 8 and 22; Kennedy Decl., Ex. 6 at 8, 11, 19, 57, 87, 127-132, Ex. 11.

## V. CONCLUSION

For the reasons provided above, Debtor could have conveyed clear title to the Test Properties to a hypothetical BFP at the moment it filed for bankruptcy. Any equitable interests that Defendant Class members may hold in the Test Properties are therefore avoidable under Section 544(a)(3). The Court should grant plaintiff's Third Motion for Partial Summary Judgment.

DATED this 16th day of August, 2005.

TONKON TORP LLP

By [signature]
ALBERT N. KENNEDY, OSB No. 82142
Attorneys for Tort Claimants Committee

032545\00001\643657 V002

**Page 13 of 13-** TORT CLAIMANTS COMMITTEE'S MEMORANDUM IN SUPPORT OF THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT (11 U.S.C. § 544(a)(3))

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**EXHIBIT 1**

**TEST PROPERTIES**
**TORT CLAIMANTS COMMITTEE'S MEMORANDUM IN SUPPORT OF THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT**

| PROPERTY TAX ACCT. | CHURCH/SCHOOL | CITY | COUNTY | PRELIM. TITLE REPORT[1] |
|---|---|---|---|---|
| R359873 | St. Elizabeth Ann Seton Church | Aloha | Washington | Ex. 1 |
| 860773 | St. Mary Our Lady of the Dunes Church | Florence | Lane | Ex. 2 |
| 860781 | St. Mary Our Lady of the Dunes Church | Florence | Lane | Ex. 2 |
| 860799 | St. Mary Our Lady of the Dunes Church | Florence | Lane | Ex. 2 |
| 116204 | St. Michael Church | Oakridge | Lane | Ex. 3 |
| 955045 | St. Michael Church | Oakridge | Lane | Ex. 3 |
| 1376843 | St. Philip Benizi Church | Oregon City | Clackamas | Ex. 4 |
| 1563365 | St. Philip Benizi Church | Oregon City | Clackamas | Ex. 4 |
| 907629 | St. Philip Benizi Church | Oregon City | Clackamas | Ex. 4 |
| R315539 | Holy Redeemer Church | Portland | Multnomah | Ex. 5 |
| R502476 | Holy Redeemer Church | Portland | Multnomah | Ex. 5 |
| R325476 | St. Birgitta Church | Portland | Multnomah | Ex. 6 |
| R325478 | St. Birgitta Church | Portland | Multnomah | Ex. 6 |
| R113793 | St. John Fisher Church | Portland | Multnomah | Ex. 7 |
| R329515 | St. John Fisher Church | Portland | Multnomah | Ex. 7 |
| R329535 | St. John Fisher Church | Portland | Multnomah | Ex. 7 |
| R329566 | St. John Fisher Church | Portland | Multnomah | Ex. 7 |
| R73132 | Queen of Peace Church | Salem | Marion | Ex. 8 |
| R81395 | Queen of Peace Church | Salem | Marion | Ex. 9 |
| R34218 | Immaculate Conception Church | Stayton | Marion | Ex. 10 |
| R103753 | Immaculate Conception Church | Stayton | Marion | Ex. 11 |
| R103810 | Immaculate Conception Church | Stayton | Marion | Ex. 12 |
| R103811 | Immaculate Conception Church | Stayton | Marion | Ex. 13 |
| R103812 | Immaculate Conception Church | Stayton | Marion | Ex. 14 |
| R103848 | Immaculate Conception Church | Stayton | Marion | Ex. 15 |
| R103880 | Immaculate Conception Church | Stayton | Marion | Ex. 16 |
| R103930 | Immaculate Conception Church | Stayton | Marion | Ex. 17 |
| R103931 | Immaculate Conception Church | Stayton | Marion | Ex. 18 |
| R103932 | Immaculate Conception Church | Stayton | Marion | Ex. 19 |
| R34210 | Immaculate Conception Church | Stayton | Marion | Ex. 20 |
| R34219 | Immaculate Conception Church | Stayton | Marion | Ex. 17 |
| R34310 | Regis High School | Stayton | Marion | Ex. 22 |
| R34312 | Regis High School | Stayton | Marion | Ex. 22 |

032545\00001\645666 V001

[1] All of the Preliminary Title Reports are attached to the Affidavit of Malcolm Newkirk. The exhibit numbers refer to the Newkirk exhibit number for each such Preliminary Title Report.

**EXHIBIT 2**

**TEST PROPERTIES**

**TORT CLAIMANTS COMMITTEE'S MEMORANDUM IN SUPPORT OF THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT**

| PROPERTY TAX ACCT. | CHURCH/SCHOOL | PRELIM. TITLE REPORT[1] | USE[2] | VESTING DEEDS ATTACHED TO KENNEDY DECLARATION[3] | TRANSFERS[4] |
|---|---|---|---|---|---|
| R359873 | St. Elizabeth Ann Seton Church | Ex. 1 | Parish Facilities | Ex. 6 at 3, 39 | Newkirk Aff., Ex. 1 at 7-9, 14-19 |
| 860773 | St. Mary Our Lady of the Dunes Church | Ex. 2 | Parish Facilities | Ex. 6 at 12, 90 | |
| 860781 | St. Mary Our Lady of the Dunes Church | Ex. 2 | Parish Facilities | Ex. 6 at 12, 90 | |
| 860799 | St. Mary Our Lady of the Dunes Church | Ex. 2 | Parish Facilities | Ex. 6 at 12, 90 | |
| 116204 | St. Michael Church | Ex. 3 | Parish Facilities | Ex. 6 at 12, 91 | |
| 955045 | St. Michael Church | Ex. 3 | Parish Facilities | Ex. 6 at 12, 91 | |
| 1376843 | St. Philip Benizi Church | Ex. 4 | Parish Facilities | Ex. 6 at 4, 5, 45, 46, 49 | Newkirk Aff., Ex. 4 at 7, 8 |
| 1563365 | St. Philip Benizi Church | Ex. 4 | Parish Facilities | Ex. 6 at 4, 5, 47, 48 | |
| 907629 | St. Philip Benizi Church | Ex. 4 | Parish Facilities | Ex. 6 at 4, 5 | |
| R315539 | Holy Redeemer Church | Ex. 5 | Parish Facilities | Ex. 6 at 6, 51-54 | Newkirk Aff., Ex. 5 at 38-41 |
| R502476 | Holy Redeemer Church | Ex. 5 | Parish Facilities | Ex. 6 at 6, 51-54 | |

[1] All of the Preliminary Title Reports are attached to the Affidavit of Malcolm Newkirk. The exhibit numbers refer to the Newkirk exhibit number for each such Preliminary Title Report.

[2] The use of each Test Property is identified by Debtor on Exhibit 14 to Debtor's Amended Statement of Financial Affairs, Kennedy Decl., Ex. 4. Parish facilities, as used by Debtor, clearly include grade schools. Kennedy Decl., Exs., 8, 9, 10; Bachman Aff., Exs. 1-8; Lewis Decl., Exs. 1, 2.

[3] Unless otherwise noted, references are to exhibits attached to the Kennedy Declaration. Exhibits 1, 4, 5, 6 and 7 to the Newkirk Affidavit also include copies of vesting deeds.

[4] References are to transfers of an interest in the Test Properties that were executed by Debtor and that are included in the Preliminary Title Reports attached to the Newkirk Affidavit or are included in Exhibit 6 to the Kennedy Declaration.

**EXHIBIT 2**

**TEST PROPERTIES**

**TORT CLAIMANTS COMMITTEE'S MEMORANDUM IN SUPPORT OF THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT**

| PROPERTY TAX ACCT. | CHURCH/SCHOOL | PRELIM. TITLE REPORT[1] | USE[2] | VESTING DEEDS ATTACHED TO KENNEDY DECLARATION[3] | TRANSFERS[4] |
|---|---|---|---|---|---|
| R325476 | St. Birgitta Church | Ex. 6 | Parish Facilities | Ex. 6 at 6, 7, 55 | Kennedy Decl., Ex. 6 at 8, 57 |
| R325478 | St. Birgitta Church | Ex. 6 | Parish Facilities | Ex. 6 at 6, 7, 56 | |
| R113793 | St. John Fisher Church | Ex. 7 | Parish Facilities | Ex. 6 at 9-11, 83-85 | Newkirk Aff., Ex. 7 at 26, 29-32, 35-59 |
| R329515 | St. John Fisher Church | Ex. 7 | Parish Facilities | Ex. 6 @ 9-11, 60 | |
| R329535 | St. John Fisher Church | Ex. 7 | Parish Facilities | Newkirk Aff., Ex. 7 at 11 | |
| R329566 | St. John Fisher Church | Ex. 7 | Parish Facilities | Ex. 6 at 9-11, 86 | |
| R73132 | Queen of Peace Church | Ex. 8 | Parish Facilities | Ex. 6 at 13, 14, 92-95 | Newkirk Aff., Ex. 8 at 6-18 |
| R81395 | Queen of Peace Church | Ex. 9 | Parish Facilities | Ex. 6 at 13, 14, 96 | |
| R34218 | Immaculate Conception Church | Ex. 10 | Parish Facilities | Ex. 12 | |
| R103753 | Immaculate Conception Church | Ex. 11 | Parish Facilities | Ex. 6 at 14-17, 106, 107; Newkirk Aff., Ex. 11 at 5-8 | |
| R103810 | Immaculate Conception Church | Ex. 12 | Parish Facilities | Ex. 6 at 14-17, 114-116 | |
| R103811 | Immaculate Conception Church | Ex. 13 | Parish Facilities | Ex. 6 at 14-17, 117 | |
| R103812 | Immaculate Conception Church | Ex. 14 | Parish Facilities | Ex. 6 at 14-17, 118 | |
| R103848 | Immaculate Conception Church | Ex. 15 | Parish Cemetery | Ex. 6 at 14-17, 132 | |
| R103880 | Immaculate Conception Church | Ex. 16 | Parish Cemetery | Ex. 6 at 14-17, 108-109 | |
| R103930 | Immaculate Conception Church | Ex. 17 | Parish Facilities | Ex. 6 at 14-17, 120, 124 | |

**EXHIBIT 2**

**TEST PROPERTIES**

**TORT CLAIMANTS COMMITTEE'S MEMORANDUM IN SUPPORT OF THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT**

| PROPERTY TAX ACCT. | CHURCH/SCHOOL | PRELIM. TITLE REPORT[1] | USE[2] | VESTING DEEDS ATTACHED TO KENNEDY DECLARATION[3] | TRANSFERS[4] |
|---|---|---|---|---|---|
| R103931 | Immaculate Conception Church | Ex. 18 | Parish Facilities | Ex. 6 at 14-17, 121, 122 | |
| R103932 | Immaculate Conception Church | Ex. 19 | Parish Facilities | Ex. 6 at 14-17, 123 | |
| R34210 | Immaculate Conception Church | Ex. 20 | Parish Facilities | Ex. 6 at 14-17, 110-111 | |
| R34219 | Immaculate Conception Church | Ex. 17 | Parish Facilities | Ex. 6 at 14-17, 120, 124 | |
| R34310 | Regis High School | Ex. 22 | Parish Facilities | Ex. 6 at 18, 19, 125 | Kennedy Decl., Ex. 6 at 19, 127-130 |
| R34312 | Regis High School | Ex. 22 | Parish Facilities | Ex. 6 at 18, 19, 126 | Newkirk Aff., Ex. 22 at 11-15 |

032545\00001\645996 V001

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **TORT CLAIMANTS COMMITTEE'S MEMORANDUM IN SUPPORT OF THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT (11 U.S.C. § 544(a)(3))** on:

Pamela J. Griffith
U.S. Trustee's Office
620 S.W. Main Street, Room 213
Portland, OR 97205

Howard M. Levine
Thomas W. Stilley
William N. Stiles
Sussman Shank LLP
1000 S.W. Broadway, Suite 1400
Portland, OR 97205-3089
Attorneys for Debtor Roman Catholic Archbishop of Portland in Oregon

James M. Finn
Schwabe, Williamson & Wyatt, P.C.
1600-1900 Pacwest Center
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Special Counsel for Debtor

L. Martin Nussbaum
Rothgerber Johnson & Lyons LLP
Wells Fargo Tower, Suite 1100
90 South Cascade Avenue
Colorado Springs, CO 80903
Special Counsel for Debtor

Brad T. Summers
Ball Janik LLP
1100 One Main Place
101 S.W. Main Street
Portland, OR 97204-3219
Attorneys for Central Catholic High School Parents Association and Central Catholic High School Alumni Association

David A. Foraker
Greene & Markley, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201-5492
Future Claimants Representative

Bradley S. Copeland
Loren S. Scott
Arnold Gallagher Saydack Percell Roberts & Potter, P.C.
800 U.S. Bank Center
800 Willamette Street
P. O. Box 1758
Eugene, OR 97440-1758
Attorneys for Intervenor Marist High School Parent & Alumni Service Club

**REQUESTS FOR NOTICE:**

Steven M. Hedberg
Douglas R. Pahl
Jeanette L. Thomas
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
Attorneys for Parishes and Parishioners Committee

John L. Langslet
Scott A. Kamin
Michael J. Farrell
Martin, Bischoff, Templeton, Langslet & Hoffman
900 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204
Attorneys for Oregon Insurance Guaranty Association

Joseph A. Field
Field & Associates
Oregon National Building - Suite 910
610 S.W. Alder Street
Portland, OR 97205
Attorneys for ACE Property & Casualty Company, fka CIGNA Property & Casualty Company, fka Aetna Insurance Company

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

☒ mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each party's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth below;

☐ causing a copy thereof to be hand-delivered to each party at each party's last-known address on the date set forth below;

☐ sending a copy thereof via overnight courier in a sealed, prepaid envelope, addressed to each party's last-known address on the date set forth below;

☐ faxing a copy thereof to each party at such party's last-known facsimile number on the date set forth below; or

☐ e-mailing a copy thereof to each party at such party's last-known e-mail address on the date set forth below.

DATED this 16th day of August, 2005.

TONKON TORP LLP

By /s/ Albert N. Kennedy
ALBERT N. KENNEDY, OSB No. 82142
Attorneys for Tort Claimants Committee

032545\00001\643657 V002

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440