Albert N. Kennedy, OSB No. 82142
  Direct Dial: (503) 802-2013
  Facsimile: (503) 972-3713
  E-Mail: al@tonkon.com
Timothy J. Conway, OSB No. 85175
  Direct Dial: (503) 802-2027
  Facsimile: (503) 972-3727
  E-Mail: tim@tonkon.com
Michael W. Fletcher, OSB No. 01044
  Direct Dial: (503) 802-2169
  Facsimile: (503) 972-3869
  E-Mail: michaelf@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204

Attorneys for Tort Claimants Committee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, AND SUCCESSORS, A CORPORATION SOLE, DBA THE ARCHDIOCESE OF PORTLAND IN OREGON,<br><br>Debtor. | Case No. 04-37154-elp11 |
| TORT CLAIMANTS COMMITTEE,<br><br>Plaintiff,<br><br>v.<br><br>ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, AND SUCCESSORS, A CORPORATION SOLE, dba THE ARCHDIOCESE OF PORTLAND IN OREGON; JOHN RICKMAN, GLENN PELIKAN and JOHNSTON MITCHELL, individually and on behalf of all others similarly situated; ST. ANDREWS CHURCH (PORTLAND), as represented by its pastor, REV. CHARLES LIENERT, ST. ANTHONY CHURCH (TIGARD), as represented by its pastor, REV. LESLIE M. SIEG, and ST. JUAN DIEGO CHURCH, as represented by its | Adv. Proc. No. 04-03292-elp<br><br>**TORT CLAIMANT COMMITTEEE'S MEMORANDUM IN SUPPORT OF FOURTH MOTION FOR PARTIAL SUMMARY JUDGMENT (QUASI-ENDOWMENT FUND)** |

Page 1 of 9 - TORT CLAIMANT COMMITTEEE'S MEMORANDUM IN SUPPORT OF FOURTH MOTION FOR PARTIAL SUMMARY JUDGMENT (QUASI-ENDOWMENT FUND)

Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

| | | |
|---|---|---|
| 1 | pastor, REV. JOHN KERNS, individually and on behalf of all parishes; COMMITTEE OF CATHOLIC PARISHES, PARISHIONERS AND INTERESTED PARTIES; CENTRAL CATHOLIC HIGH SCHOOL PARENTS' ASSOCIATION; CENTRAL CATHOLIC HIGH SCHOOL ALUMNI ASSOCIATION; PHOEBE JOAN O'NEILL; MARIST HIGH SCHOOL PARENTS AND ALUMNI SERVICE CLUB; FRIENDS OF REGIS HIGH SCHOOL; MARIST HIGH SCHOOL FOUNDATION, an Oregon non-profit corporation; CATHOLIC YOUTH ORGANIZATION/CAMP HOWARD, an Oregon non-profit corporation; the ST. ELIZABETH PARISH OF PORTLAND, OREGON, an Oregon non-profit corporation; MISSIONARIES OF THE HOLY SPIRIT, a California corporation; REGIS HIGH SCHOOL FOUNDATION, an Oregon non-profit corporation,<br><br>         Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## I.   INTRODUCTION

This memorandum is filed in support of the Tort Claimant Committee's Fourth Motion for Partial Summary Judgment (Quasi-Endowment Fund). On July 30, 2004, Debtor filed its Statement of Affairs, and, in response to Question 14 thereof, attached Exhibit 14A entitled "Personal Property Held for Another." Exhibit 14A includes the Perpetual Endowment Fund in the amount of $36,616,168.47. On August 12, 2004, the Court entered its Operating Order on the stipulation and motion of Debtor and the Committee. Attached to the Operating Order as Exhibit A is a list of Debtor's funds and investments that Debtor contends are held in trust. Among the accounts listed on Exhibit A is the Quasi-Endowment Fund. The Perpetual Endowment Fund and the Quasi-Endowment Fund are the same fund and will be referred to herein as the "Fund."

The Committee's Fourth Motion for Partial Summary Judgment seeks a declaration that the property of Debtor's bankruptcy estate includes the Fund because the Fund is not subject to a valid trust or, alternatively, that Debtor's bankruptcy estate includes Debtor's beneficial interest in the Fund together with Debtor's powers to amend, modify,

Page 2 of 9 -   TORT CLAIMANT COMMITTEEE'S MEMORANDUM IN SUPPORT OF FOURTH
                 MOTION FOR PARTIAL SUMMARY JUDGMENT (QUASI-ENDOWMENT FUND)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

terminate and direct distribution of the Fund. There can be no dispute that Debtor was the settlor of the Fund, Debtor is the trustee of the Fund, Debtor is the beneficiary of the Fund, Debtor directs distribution of the Fund, and Debtor has the power to amend, modify and terminate the Fund. The Fund is not subject to any donor-imposed restrictions. The Committee is accordingly entitled to judgment as a matter of law.

## II.  FACTS

### A.  DEBTOR IS THE SETTLOR OF THE FUND

Debtor established the Fund with the proceeds from the sale of certain real property owned by Debtor. Concise Statement, ¶¶ 7, 11. Debtor has deposited additional unrestricted contributions and gifts into the Fund. Concise Statement, ¶¶ 13, 18.

### B.  DEBTOR IS THE TRUSTEE OF THE FUND

Debtor asserts that it holds the Fund in trust. Concise Statement, ¶ 3, 4. Debtor's last four Annual Financial Reports list the Fund as an unrestricted net asset of Debtor. Concise Statement, ¶ 15. Archbishop Vlazny and Leonard Vuylsteke are responsible for the fair presentation of the financial position of Debtor's Pastoral Center in the financial statements prepared by KPMG LLP. Concise Statement, ¶ 16. In two Guarantee Agreements, Debtor warranted and represented to KeyBank that its financial statements are "correct and complete in all material respects and fairly present the financial position" of Debtor. In the guarantees, Debtor covenanted to maintain a specific ratio of total Unrestricted Net Assets to Total Liabilities. Concise Statement, ¶ 17.

### C.  DEBTOR IS THE SOLE BENEFICIARY OF THE FUND

The Declaration of Trust (the "Declaration") establishing the Fund states that the primary goal of the Fund is the perpetuation of the mission of the church. Concise Statement, ¶ 7. The Declaration then lists the priorities for the use of the income of the Fund. The first priority is funding the operating expenses of the Chancery of the Archdiocese. The second priority is the support of programs of the Archdiocese. The third priority is the

Page 3 of 9 -  TORT CLAIMANT COMMITTEEE'S MEMORANDUM IN SUPPORT OF FOURTH MOTION FOR PARTIAL SUMMARY JUDGMENT (QUASI-ENDOWMENT FUND)

Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

assistance to other segments of the Church in the United States and throughout the world. Concise Statement, ¶ 8. The third priority is clarified by Archbishop Power in his memorandum to all priests dated April 7, 1981 in which he states "the third priority will be to enable the Archdiocese to meet its obligations to the national and international Church." Concise Statement, ¶ 12. The Policy promulgated by Archbishop George states that the purpose is to support the budgetary needs of the Pastoral Center. Concise Statement, ¶ 13. All uses of the Fund are subject to the normal budgetary procedurers of Debtor. Concise Statement, ¶ 8.

### D.  DEBTOR HAS THE RIGHT TO DIRECT THE DISTRIBUTION OF INCOME FROM THE FUND

The Declaration states that all uses of the anticipated income of the Fund shall be subject to the normal budgetary procedures of the Archdiocese. Concise Statement, ¶ 8. The Fund can be terminated or dissolved. Concise Statement, ¶ 10. The October 23, 1996 Policy promulgated by Archbishop George states that the Fund is discretionary. Both earnings and principal may be utilized in the support of annual operations. The Archbishop, upon recommendation of the Finance Council, can approve any disinvestment of principal. The spending limit policy can be amended by the Archbishop after consultation with the Finance Council. Concise Statement, ¶ 13. The Debtor's Annual Financial Reports classify the Fund as an Unrestricted Net Asset. Unrestricted Net Assets are defined as net assets that are not subject to donor-imposed stipulations. The Annual Financial Reports for the fiscal years ended June 30, 2001 and June 30, 2000 each state that Unrestricted Net Assets may be used at the discretion of the Pastoral Center. Investment income and other revenues are generally unrestricted by their nature. Concise Statement, ¶ 15. As previously noted, Archbishop Vlazny and Leonard Vuylsteke are responsible for the fair presentation of the financial position of Debtor's Pastoral Center in the financial statements prepared by KPMG LLP. Concise Statement, ¶ 16. Further, Debtor has warranted and represented to KeyBank

Page 4 of 9 -   TORT CLAIMANT COMMITTEEE'S MEMORANDUM IN SUPPORT OF FOURTH MOTION FOR PARTIAL SUMMARY JUDGMENT (QUASI-ENDOWMENT FUND)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

in two guaranties that its financial statements are "correct and complete in all material respects and fairly present the financial position" of Debtor. Concise Statement, ¶ 17. The Declaration itself states that income from the Fund can only be distributed in "such manner as the Fund managers are instructed in writing by three corporate officers of the Archdiocese." Concise Statement, ¶ 9.

### E. DEBTOR HAS THE RIGHT TO AMEND, MODIFY AND TERMINATE THE FUND

The concluding paragraph of the Declaration includes the following statement:

> However, recognizing that change is inevitable, the power to amend or modify any of the provisions of this Declaration of Trust is reserved to the office of the Archbishop of Portland in Oregon. Should this instrument be terminated or the Fund otherwise dissolved, all assets of the Fund shall be distributed to the General Treasury of the Archdiocese.

Concise Statement, ¶ 10. The policy promulgated by Archbishop George on October 23, 1996 explicitly states that the Fund is discretionary. Both principal and earnings may be utilized in support of annual operations. Concise Statement, ¶ 13. Debtor's Annual Financial Reports state that the assets recorded in the Fund may be used at the discretion of the Pastoral Center. Concise Statement, ¶ 15. The Fund is not subject to any donor-imposed restrictions. Concise Statement, ¶¶ 13, 14, 15, 16, 17, 18.

### III. ANALYSIS

#### A. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted if, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there is no genuine issue of material fact, the burden shifts to the non-moving party to go beyond the pleadings and designate facts showing an issue for trial.

Page 5 of 9 -  TORT CLAIMANT COMMITTEEE'S MEMORANDUM IN SUPPORT OF FOURTH MOTION FOR PARTIAL SUMMARY JUDGMENT (QUASI-ENDOWMENT FUND)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The non-movant's evidence must create more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Summary judgment may be granted as to all or part of a plaintiff's case, as appropriate. Fed. R. Civ. P. 56(b).

### B.  THE BANKRUPTCY ESTATE INCLUDES ALL PROPERTY INTERESTS OF DEBTOR

Debtor's bankruptcy estate includes "all legal or equitable interests of the Debtor in property as of the commencement of the case," including all powers that the debtor may exercise for its own benefit. 11 U.S.C. § 541(a)(1); 11 U.S.C. § 541(b)(1); *Askanase v. Livingwell, Inc.*, 45 F.3d 103, 106 (5th Cir. 1995). Congress intended this definition to be interpreted broadly as it is vital to include all debtor's property in the estate. *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 204-205, 103 S. Ct. 2309, 76 L. Ed. 2d 515 (1983). Thus, the Court must include all possible property interests and powers as part of the bankruptcy estate.

### C.  PROPERTY OF THE ESTATE INCLUDES THE FUND

#### 1.  DEBTOR, AS THE SETTLOR OF A REVOCABLE TRUST, IS TREATED AS THE OWNER OF THE TRUST

Congress has generally left the determination of property rights in the assets of a debtor's estate to state law. *Butner v. United States*, 440 U.S. 48, 54, 59 (1979). Whether a debtor has a legal or equitable interest in property is a question of state law. *In re Smith*, 189 B.R. 8 (U.S.D.C. N.D. Ill. 1995). Therefore, Oregon law determines whether Debtor retained an interest in the Fund.

Under Oregon law, the settlor of a revocable trust is treated as the owner of the trust. *Johnson v. The Commercial Bank*, 284 Or. 675, 588 P.2d 1096 (1978). The Oregon Supreme Court noted that the debtor "did not divest himself of the remainder interests; they were subject to complete defeasance at any time during his life if he chose to exercise his right to revoke." Therefore, the Court concluded that the debtor's interest

Page 6 of 9 -  TORT CLAIMANT COMMITTEEE'S MEMORANDUM IN SUPPORT OF FOURTH MOTION FOR PARTIAL SUMMARY JUDGMENT (QUASI-ENDOWMENT FUND)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

extended to the entire trust and that a creditor could reach the assets of the entire trust. *Id.* at 682.

The property of a revocable intervival's trust is ordinarily treated as though it is owned by the trustor. Restatement (Third) of Trusts § 25(2). Restatement (Third) of Trusts, § 25, Comment e, explains that "this result is not dependent on the trust being 'illusory' or 'testamentary,' or on the transfer being a fraudulent conveyance, but is based on the sound public policy of basing the rights of creditors on the substance rather than the form of the debtor's property rights."

Here, Debtor is the settlor of a revocable trust. Consequently, Debtor must be treated as the owner of the trust property.

### 2. DEBTOR CANNOT HOLD PROPERTY IN TRUST FOR ITSELF

Oregon courts have long recognized that a trust exists when "legal title is held by one person, the trustee, while another person, the *cestui que* trust, has the beneficial interest." *Allen v. Hendrick*, 206 P. 733, 740 (Or. 1922). There can be no trust where the sole beneficial interest and the legal title are in the same person. *Morse v. Paulson*, 186 P.2d 394, 396 (Or. 1974); *see also Restatement (Second) of Trusts*, § 99(5) ("the sole beneficiary of a trust cannot be the sole trustee of the trust."); *id.* at § 115(5) (same); *id.* at § 410 (same); *Restatement (Third)* § 69 ("if the legal title to the trust property and the entire beneficial interest become united in one person, the trust terminates.") Here, Debtor cannot hold property "in trust" for itself.

### D. PROPERTY OF DEBTOR'S BANKRUPTCY ESTATE INCLUDES DEBTOR'S BENEFICIAL INTEREST IN THE FUND AND DEBTOR'S POWER TO AMEND, MODIFY, TERMINATE AND DIRECT DISTRIBUTION OF THE FUND

Debtor's bankruptcy estate succeeds to "all legal or equitable interests of the debtor in property as of the commencement of the case," including those powers that debtor

Page 7 of 9 -    TORT CLAIMANT COMMITTEEE'S MEMORANDUM IN SUPPORT OF FOURTH MOTION FOR PARTIAL SUMMARY JUDGMENT (QUASI-ENDOWMENT FUND)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

may exercise for its own benefit. 11 U.S.C. § 541(a)(1), (b)(1). Any interest which a debtor retains in a trust is property of the estate, including the power to amend the trust and the power to revoke a revocable trust and recover the remaining funds in the trust for the benefit of creditors. The Debtor's bankruptcy estate includes the powers that debtor may exercise for its own benefit over property regardless of the title debtor may be acting under. *Askanase v. Livingwell, Inc.*, 45 F.3d 103, 106 (5th Cir. 1995). The bankruptcy estate includes a power that the debtor may exercise for his own benefit, such as the power to revoke a self-settled trust of which he is the beneficiary. *Marrama v. Degiacomo, (In re Marrama)*, 316 B.R. 418, 423 (1st Cir. B.A.P. 2004); *see also In re Porras*, 224 B.R. 367, 369 (Bankr. W.D. Tx. 1998) ("thus, the bankruptcy estate, as represented by the bankruptcy trustee gains not only the property interest but may also exercise any powers which the debtor could exercise for his benefit over the property."); *In re Mack*, 269 B.R. 392 (Bankr. D. Mn. 2001).

Here, Debtor's beneficial interest in the Fund is property of the estate. Additionally, all of Debtor's powers over the Fund are property of the estate. Those powers include the power to amend, modify or terminate the Fund, together with the power to direct distributions from the Fund.

## IV. CONCLUSION

For the foregoing reasons, the Committee's Fourth Motion for Partial Summary Judgment should be granted, and the Court should declare that Debtor's bankruptcy estate includes the Fund, or, alternatively, that Debtor's bankruptcy estate includes Debtor's

* * *

* * *

* * *

* * *

* * *

* * *

Page 8 of 9 - TORT CLAIMANT COMMITTEEE'S MEMORANDUM IN SUPPORT OF FOURTH MOTION FOR PARTIAL SUMMARY JUDGMENT (QUASI-ENDOWMENT FUND)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  beneficial interest in the Fund, together with Debtor's powers to amend, modify terminate
2  and direct distribution of the Fund.
3        DATED this 30th day of August, 2005.
4                        TONKON TORP LLP

6              By _____
                      ALBERT N. KENNEDY, OSB No. 82142
7                        Attorneys for Tort Claimants Committee

8  032545\00001\648158 V001

Page 9 of 9 -  TORT CLAIMANT COMMITTEEE'S MEMORANDUM IN SUPPORT OF FOURTH
                MOTION FOR PARTIAL SUMMARY JUDGMENT (QUASI-ENDOWMENT FUND)

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **TORT CLAIMANT COMMITTEEE'S MEMORANDUM IN SUPPORT OF FOURTH MOTION FOR PARTIAL SUMMARY JUDGMENT (QUASI-ENDOWMENT FUND)** on:

Pamela J. Griffith
U.S. Trustee's Office
620 S.W. Main Street, Room 213
Portland, OR 97205

Howard M. Levine
Thomas W. Stilley
William N. Stiles
Sussman Shank LLP
1000 S.W. Broadway, Suite 1400
Portland, OR 97205-3089
    Attorneys for Debtor Roman Catholic
    Archbishop of Portland in Oregon

James M. Finn
Schwabe, Williamson & Wyatt, P.C.
1600-1900 Pacwest Center
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
    Special Counsel for Debtor

L. Martin Nussbaum
Rothgerber Johnson & Lyons LLP
Wells Fargo Tower, Suite 1100
90 South Cascade Avenue
Colorado Springs, CO 80903
    Special Counsel for Debtor

Brad T. Summers
Ball Janik LLP
1100 One Main Place
101 S.W. Main Street
Portland, OR 97204-3219
    Attorneys for Central Catholic High
    School Alumni Association, Central
    Catholic High School Parents
    Association, Friends of Regis High
    School

Steven M. Hedberg
Douglas R. Pahl
Jeanette L. Thomas
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
    Attorneys for John Rickman, Glenn
    Pelikan, Johnston Mitchell,
    St. Anthony Church (Tigard), St. Juan
    Diego Church, Catholic Parishes.
    Parishioners and Interested Parties,

Bradley S. Copeland
Loren S. Scott
Arnold Gallagher Saydack Percell
  Roberts & Potter, P.C.
800 U.S. Bank Center
800 Willamette Street
P. O. Box 1758
Eugene, OR 97440-1758
    Attorneys for Marist High School
    Foundation, Marist High School
    Parents & Alumni Service Club

David A. Foraker
Greene & Markley, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201-5492
    Future Claimants Representative

Phoebe Joan O'Neill
1500 S.W. Fifth Avenue, Unit 703
Portland, OR 97201

Catholic Youth Organization/
Camp Howard
c/o Krista Von Borstel, Registered Agent
825 N.E. 20th Avenue, Suite 320
Portland, OR 97232

Page 1 of 2 -  CERTIFICATE OF SERVICE

| | | |
|---|---|---|
| 1 | St. Elizabeth Parish of Portland, Oregon<br>c/o James M. Kolb, Registered Agent | **REQUESTS FOR NOTICE:** |
| 2 | 4112 S.W. Sixth Avenue Dr.<br>Portland, OR 97201 | John L. Langslet<br>Scott A. Kamin |
| 3 | | Michael J. Farrell |
| 4 | Missionaries of the Holy Spirit<br>c/o Roberto Saldivar Ureno | Martin, Bischoff, Templeton,<br>  Langslet & Hoffman |
| 5 | Agent for Service of Process<br>9792 Oma Place | 900 Pioneer Tower<br>888 SW Fifth Avenue |
| 6 | Garden Grove, CA 92841 | Portland, OR 97204<br>    Attorneys for Oregon Insurance |
| 7 | Regis High School Foundation<br>c/o Tony Guevara, Registered Agent | Guaranty Association |
| 8 | 550 Regis Street<br>Stayton, OR 97383 | Joseph A. Field<br>Field & Associates |
| 9 | | Oregon National Building - Suite 910<br>610 S.W. Alder Street |
| 10 | | Portland, OR 97205<br>    Attorneys for ACE Property & |
| 11 | | Casualty Company, fka CIGNA<br>Property & Casualty Company, fka |
| 12 | | Aetna Insurance Company |

☒ mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each party's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth below;

☐ causing a copy thereof to be hand-delivered to each party at each party's last-known address on the date set forth below;

☐ sending a copy thereof via overnight courier in a sealed, prepaid envelope, addressed to each party's last-known address on the date set forth below;

☐ faxing a copy thereof to each party at such party's last-known facsimile number on the date set forth below; or

☐ e-mailing a copy thereof to each party at such party's last-known e-mail address on the date set forth below.

DATED this 30th day of August, 2005.

TONKON TORP LLP

By _____
ALBERT N. KENNEDY, OSB No. 82142
Attorneys for Tort Claimants Committee

032545\00001\648158 V001

Page 2 of 2 -   CERTIFICATE OF SERVICE