1   James Ray Streinz, OSB No. 79410
    rays@mcewengisvold.com
2   McEWEN GISVOLD LLP
    1600 Standard Plaza
3   1100 S.W. Sixth Avenue
    Portland, OR 97204
4   Telephone: (503) 226-7321
    Facsimile:  (503) 243-2687
5
    Attorneys for Defendant Missionaries of the Holy Spirit
6

7

8

9

10                    UNITED STATES BANKRUPTCY COURT

11                       FOR THE DISTRICT OF OREGON

| 12 | In re | ) | Case No. 04-37154-elp11 |
|---|---|---|---|
| 13 | ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, and successors, a corporation sole, dba the ARCHDIOCESE OF PORTLAND IN OREGON, | ) ) ) ) ) | |
| 14 | | | |
| 15 | | ) | |
| | | ) | |
| 16 | Debtor. | ) ) | |
| 17 | TORT CLAIMANTS COMMITTEE, | ) ) | Adv. Proc. No. 04-03292-elp |
| 18 | Plaintiff, | ) ) | |
| 19 | v. | ) ) ) | **RESPONSE BY DEFENDANT MISSIONARIES OF THE HOLY SPIRIT TO PLAINTIFF'S SECOND AND THIRD MOTIONS FOR SUMMARY JUDGMENT** |
| 20 | ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, and successors, a corporation sole, dba the ARCHDIOCESE OF PORTLAND IN OREGON, et al., | ) ) ) ) ) | |
| 21 | | | |
| 22 | | ) | |
| 23 | Defendants. | ) ) | |

24       The Missionaries of the Holy Spirit are a small Mexican order of priests and brothers. They

25  provide bilingual priests and brothers in the Western United States. They oppose the Tort Claimants

26  /////

Page   1 of 7 - RESPONSE BY DEFENDANT MISSIONARIES OF THE HOLY SPIRIT TO
        PLAINTIFF'S SECOND AND THIRD MOTIONS FOR SUMMARY JUDGMENT

U:\JAM\MISS1462.RES222-3.wpd

McEWEN GISVOLD LLP
1600 Standard Plaza, 1100 S.W. Sixth Avenue
Portland, Oregon 97204
Telephone: (503) 226-7321   Facsimile: (503) 243-2687

1  Committee's Second Motion For Partial Summary Judgment ("Second Motion") and Tort Claimants
2  Committee's Third Motion For Partial Summary Judgment ("Third Motion").

3                                    **INTRODUCTION**

4          Summary judgment is a drastic device. If cuts off a party's right to a trial. Thus, a party moving
5  for summary judgment always bears the burden of submitting evidence that demonstrates that the
6  moving party is entitled to judgment and of explaining how the party is entitled to judgment as a matter
7  of law. The Tort Claimants Committee ("TCC") did not meet this burden in the Second and Third
8  Motions with regard to the Missionaries. The TCC focused on the relationship between the
9  Archdiocese and the parishes and school – specifically whether the parishes and school are separate
10  entities. In doing so, the TCC forgot about the Missionaries. It did not submit any evidence to support
11  judgment against the Missionaries. It did not explain the basis for judgment against the Missionaries,
12  which is undisputedly a separate entity. Therefore, the court should deny the Second and Third
13  Motions as to the Missionaries.

14                              **FACTUAL BACKGROUND**

15  **A.    The Missionaries of the Holy Spirit.**

16         The Missionaries are a small Mexican religious order of priests and brothers (Fr. Ortega Decl.¶
17  2). Fr. Felix de Jesus Rougier founded the Missionaries in 1914 (*see* Fr. Ortega Decl. ¶ 3;
18  http://www.molalla.net/~mspsmta/felix.htm). They first came to the United States in 1946 (Fr. Ortega
19  Decl.¶ 3). In 1952, they moved to California (Fr. Ortega Decl.¶ 3). Today, the Missionaries manage
20  2 parishes in Southern California (Fr. Ortega Decl.¶ 3). The Missionaries order is a separate nonprofit
21  California corporation (Complaint ¶ 12).

22         The Missionaries provide bilingual priests and brothers to the Archdiocese of Portland (Fr.
23  Ortega Decl.¶ 4). In May 1998, the Missionaries entered into a letter agreement to further their work
24  and ministries in the Archdioceses (Fr Ortega Decl. ¶ 4). In the letter agreement, the Archdioceses, St.
25  Mary's Church of Mt. Angel, and the Missionaries agreed to collaborate to build the Fr. Felix Rougier
26  House of Studies in Mt. Angel. Under the agreement, the Missionaries agreed to contribute funds for

Page  2 of 7 - RESPONSE BY DEFENDANT MISSIONARIES OF THE HOLY SPIRIT TO
           PLAINTIFF'S SECOND AND THIRD MOTIONS FOR SUMMARY JUDGMENT

U:\JAM\MISS1462.RES222-3.wpd

**McEWEN GISVOLD LLP**
**1600 Standard Plaza, 1100 S.W. Sixth Avenue**
**Portland, Oregon 97204**
**Telephone: (503) 226-7321   Facsimile: (503) 243-2687**

1    construction of the Rougier House of Studies in exchange for ownership and other rights ("Missionaries

2    Property") (Fr. Ortega Decl. ¶ 5). The Missionaries and their benefactors contributed about $700,000

3    for the construction of the Rougier House of Studies (Fr. Ortega Decl. ¶ 6).

4    The letter agreement also renewed the Missionaries' calling to provide bilingual priests and

5    brothers to parishes and parishioners. As stated in the letter:

> *The Missionaries wish to sustain the mutual good spirit that has led to this stage of . . . collaboration . . . with the hope that more Missionaries will be part of the ministries of the Archdiocese. The Missionaries believe that mutual faith and supportive relationships will benefit the Archdiocese, the Missionaries and the People of God.*

9    **B.    The TCC's adversary proceeding with regard to the Missionaries**.

10   The TCC initiated this adversary proceeding more than a year ago, in August 2004

11   (Dkt. # 1). About 8 months later, after struggling with a series of procedural issues, the TCC filed its

12   Second Motion for summary judgment (Dkt. # 139). It moved against the Archdiocese's first, third,

13   and fifth affirmative defenses and Central Catholic's second and third affirmative defenses (Dkt. # 139

14   and 142).

15   At the end of July of 2005, the TCC filed its First Amended Complaint, which named the

16   Missionaries and many other defendants for the first time (Dkt # 193). During the first week of August,

17   the TCC filed its Third Motion (Dkt. # 209). In the Third Motion, the TCC moved for summary

18   judgment with regard to 10 test properties (Dkt. # 209). The test properties do not include the

19   Missionaries Property or St. Mary's Church in Mt. Angel (Dkt. # 209).

20   On August 17, the TCC mailed the First Amended Complaint and summons to the Missionaries

21   (Dkt. # 216). The summons (issued on July 20, 2005) had expired when the TCC mailed it (Dkt. #

22   216). Fed. R. Bankr. P. 7004(e) (requiring service within 10 days after issue date).

23   On August 30, 2005, the TCC filed a supplement to its Second Motion (Dkt. # 240). In the

24   Supplement, the TCC seeks summary judgment against (a) "[a]ny affirmative defense hereafter alleged

25   by any defendant that adjudication of the Complaint could potentially entangle the court in religious

26   matters in violation of the First Amendment of the United States Constitution, Oregon law, the Religious

Page 3 of 7 - RESPONSE BY DEFENDANT MISSIONARIES OF THE HOLY SPIRIT TO PLAINTIFF'S SECOND AND THIRD MOTIONS FOR SUMMARY JUDGMENT

U:\JAM\MISS1462.RES222-3.wpd

**McEWEN GISVOLD LLP**
**1600 Standard Plaza, 1100 S.W. Sixth Avenue**
**Portland, Oregon 97204**
**Telephone: (503) 226-7321   Facsimile: (503) 243-2687**

1  Freedom Restoration Act and other applicable non-bankruptcy law" and (b) "[a]ny affirmative defense
2  alleged by any defendant that this Court lacks subject matter jurisdiction over this Adversary
3  Proceeding" (Dkt. # 240). However, the TCC did not supplement its concise statement of facts,
4  Second Motion, or memorandum in support of the Second Motion (all of which the TCC filed months
5  earlier) (Dkt.).

## LEGAL ISSUES

1. Did the TCC submit evidence to prove that it is entitled to judgment <u>against the Missionaries</u>?

2. Did the TCC meet its burden of explaining how it is entitled to judgment as a matter of law <u>against the Missionaries</u>?

## DISCUSSION

### A. The TCC has the burden of proving that it is entitled to summary judgment as to the Missionaries.

Summary judgment is appropriate only if the moving party proves "that there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The "party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Under applicable local rules, the moving party must file a concise statement of facts that "articulate the undisputed relevant facts that are essential for the court to decide . . ." the party's motion for summary judgment. LR 56.1(a)(2); LBR 7056-1. In fact, because summary judgment is a drastic device that cuts off a party's right to present a case at trial, the moving party bears a "heavy burden" of demonstrating the absence of any triable issue of material fact. *Nationwide Ins. Co. v. Bankers Leasing Association, Inc.*, 182 F.3d 157, 160 (2nd Cir. 1999). A court must resolve all ambiguities and make all reasonable inferences in favor of the non-moving party. *See Anderson v.*

Page 4 of 7 - RESPONSE BY DEFENDANT MISSIONARIES OF THE HOLY SPIRIT TO PLAINTIFF'S SECOND AND THIRD MOTIONS FOR SUMMARY JUDGMENT

U:\JAM\MISS1462.RES222-3.wpd

**McEWEN GISVOLD LLP**
1600 Standard Plaza, 1100 S.W. Sixth Avenue
Portland, Oregon 97204
Telephone: (503) 226-7321   Facsimile: (503) 243-2687

1  *Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

2  Applying these principles to the Missionaries, the TCC must point to material facts that entitle it
3  to judgment as a matter of law against the Missionaries. As explained below, the TCC has failed to
4  identify facts relating to the Missionaries and to articulate the basis for judgment against the
5  Missionaries.

6  **B.    In the Second Motion, the TCC has not carried its burden of proving that it is entitled**
7  **to summary judgment against the Missionaries.**

8  **1.    The TCC has not submitted any evidence about the Missionaries.**

9  The TCC has not submitted evidence that proves that it is entitled to judgment against the
10 Missionaries. The TCC focused on the Archdiocese, parishes, and school and forgot about the
11 Missionaries. It failed to submit any evidence about the Missionaries or the Missionaries Property. For
12 example, the Second Motion's concise statement (filed months before the TCC added the Missionaries
13 as a defendant) does not allege any facts about the Missionaries or Missionaries Property. It does not
14 mention the Missionaries, not even once. Accordingly, the court should deny the Second Motion as to
15 the Missionaries, because the TCC has not met its burden of submitting evidence that it is entitled to
16 judgment against the Missionaries. *Nationwide Ins.* 182 F.3d at 160; *see also Celotex*, 477 U.S. at
17 323.

18 **2.    The TCC failed to explain how it is entitled judgment against the Missionaries.**

19 The TCC has not explained how it is entitled to judgment against the Missionaries. The TCC
20 focused its arguments on the relationship between the Archdiocese on the one hand and the parishes
21 and schools on the other hand. For example, with regard to the First Amendment, the TCC contends
22 that the application of bankruptcy law will not "frustrate any Church doctrine concerning the relationship
23 between the Archdiocese and parishes." Second Motion Memo., at 12. The TCC uses more than
24 one-third of its memorandum in support of its Second Motion to argue that the Archdiocese, parishes
25 and schools are one entity. Second Motion Memo., at 21-31. But what about the Missionaries? The
26 TCC admits in its First Amended Complaint (at ¶ 12) that the Missionaries order is a separate

Page  5 of 7 - RESPONSE BY DEFENDANT MISSIONARIES OF THE HOLY SPIRIT TO
       PLAINTIFF'S SECOND AND THIRD MOTIONS FOR SUMMARY JUDGMENT

U:\JAM\MISS1462.RES222-3.wpd

**McEWEN GISVOLD LLP**
1600 Standard Plaza, 1100 S.W. Sixth Avenue
Portland, Oregon 97204
Telephone: (503) 226-7321   Facsimile: (503) 243-2687

1 California corporation. The TCC has not explained how their arguments apply to the Missionaries –

2 undisputedly a self-governing order and separate non-profit corporation. In addition, the Missionaries

3 has alleged defenses based on its letter agreement and unique relationship with the Archdiocese and St.

4 Mary's Church. The TCC has not explained how the Second Motion applies to the Missionaries given

5 the Missionaries' unique relationship with the Archdiocese and Missionaries' mission of providing

6 bilingual priests and brothers. Summary judgment procedure requires the TCC, as the moving party, to

7 come forward with such explanations. In fact, that procedure entitles the Missionaries to such

8 explanations before being deprived of their opportunity of a trial. Thus, the court should deny the

9 Second Motion with regard to the Missionaries.

10 **C.    The Third Motion does not affect the Missionaries or Missionaries Property.**

11 In the Third Motion, the TCC moves for an order avoiding the interest of 9 parishes and Regis

12 High School ("Test Properties") and declaring that the Archdiocese owns the Test Properties free and

13 clear. The TCC does not seek relief with regard to the Missionaries or the Missionaries Property, or

14 even St. Mary's Church in Mt. Angel. Thus, the Third Motion does not affect the Missionaries'

15 interests or Missionaries Property. Accordingly, the court should deny the Third Motion as to the

16 Missionaries.[1]

17 **JOINDER AND INCORPORATION**

18 In responding to the Second and Third Motion, the Missionaries join and incorporate these

19 responses and objections to the TCC's Second Motion: (1) Parish and Parishioners' Class and Parish

20 Committee's Memorandum In Opposition to Plaintiff's Restated Second Motion for Partial Summary

21 Judgment (Dkt. # 274), (2) Debtor's Brief in Response to Tort Claimants Committee's Restated

22

---

[1] In addition, the TCC failed to meet its burden of demonstrating that it is entitled judgment against the Missionaries in the Third Motion. Again, the TCC did not articulate any facts that would entitle it to judgment against the Missionaries. Moreover, it failed to explain how it is entitled to judgment as a matter of law. The TCC's arguments address the relationship between the Archdiocese and the parishes and school. The TCC did not address the relationship the Archdiocese and Missionaries - 2 separate and distinct entities.

Page 6 of 7 - RESPONSE BY DEFENDANT MISSIONARIES OF THE HOLY SPIRIT TO PLAINTIFF'S SECOND AND THIRD MOTIONS FOR SUMMARY JUDGMENT

U:\JAM\MISS1462.RES222-3.wpd

**McEWEN GISVOLD LLP**
**1600 Standard Plaza, 1100 S.W. Sixth Avenue**
**Portland, Oregon 97204**
**Telephone: (503) 226-7321   Facsimile: (503) 243-2687**

1  Second Amended Motion for Partial Summary Judgment and Supporting Its Cross Motion for Partial

2  Summary Judgment (Dkt. # 285), (3) Marist Foundation's and Marist Parents and Alumni Service

3  Club's Opposition To Tort Claimant Committee's Restated and Supplemental Second Motion For

4  Summary Judgment (Dkt. # 268), and (4) Opposition Of Central Catholic High School Alumni

5  Association, Central Catholic High School Parents Association, Friends of Regis High School and

6  Regis High School Foundation To Tort Claimant Committee's Restated and Supplemental Second

7  Motion For Summary Judgment (Dkt. # 272).[2]

8  **CONCLUSION**

9  The TCC, as the moving party, has the burden of submitting undisputed evidence that it is

10  entitled judgment as a matter of law. The TCC failed to submit evidence about the Missionaries and

11  Missionaries Property. Moreover, it failed to explain how its arguments regarding the relationship

12  between the Archdiocese and parishes apply to the Missionaries, a self-governing order and separate

13  corporation. Accordingly, the court should deny the Second and Third Motions as to the Missionaries.

14  MCEWEN GISVOLD LLP

15

16  By: _____
    James Ray Streinz, OSB No. 79410
    (503) 226-7321
17  (503) 243-2687 FAX
    rays@mcewengisvold.com
18  Of Attorneys for Defendant Missionaries of the Holy Spirit

19

20

21

22

23  _____

24  [2]The Missionaries did not join and incorporate responses to the Third Motion, primarily because the Third Motion does not affect the Missionaries or Missionaries Property. In addition, however, the
25  Missionaries began receiving responses a couple of business days before filing this response and did not have time to digest those lengthy responses. Accordingly, the Missionaries reserves the right to join and
26  incorporate other responses at the hearing on the Second and Third Motions.

Page  7 of 7 - RESPONSE BY DEFENDANT MISSIONARIES OF THE HOLY SPIRIT TO
       PLAINTIFF'S SECOND AND THIRD MOTIONS FOR SUMMARY JUDGMENT

U:\JAM\MISS1462.RES222-3.wpd