1 | **Albert N. Kennedy**, OSB No. 82142
Direct Dial: (503) 802 -2013
2 | Facsimile:   (503) 972-3713
E-Mail:      al@tonkon.com
3 | **Timothy J. Conway**, OSB No. 85175
Direct Dial: (503) 802 -2027
4 | Facsimile:   (503) 972-3727
E-Mail:      tim@tonkon.com
5 | **Michael W. Fletcher**, OSB No. 01044
Direct Dial: (503) 802 -2169
6 | Facsimile:   (503) 972-3869
E-Mail:      michaelf@tonkon.com
7 | **TONKON TORP LLP**
1600 Pioneer Tower
8 | 888 S.W. Fifth Avenue
Portland, OR  97204
9 |
Attorneys for Tort Claimants Committee
10 |

CLERK US BANKRUPTCY COURT
DISTRICT OF OREGON

'05   OCT 26   P 4 :18

LODGED_____REC'D_CF___
PAID_____DOCKETED_____

11 |      IN THE UNITED STATES BANKRUPTCY COURT

12 |          FOR THE DISTRICT OF OREGON

13 | In re                                            )
                                                     )
14 | ROMAN CATHOLIC ARCHBISHOP OF                     )   Case No. 04-37154-elp11
     PORTLAND IN OREGON, AND SUCCESSORS, A           )
15 | CORPORATION SOLE, DBA THE ARCHDIOCESE            )   Adv. Proc. No. 04-03292-elp
     OF PORTLAND IN OREGON,                           )
                                                     )
16 |                                                  )   **TORT CLAIMANTS**
                   Debtor.                            )   **COMMITTEE'S REPLY TO**
17 | _____        )   **(1) DEBTOR'S RESPONSE**
                                                     )   **TO AMENDED CONCISE**
18 | TORT CLAIMANTS COMMITTEE,                         )   **STATEMENT OF**
                                                     )   **MATERIAL FACTS IN**
19 |                   Plaintiff,                      )   **SUPPORT OF**
                                                     )   **COMMITTEE'S RESTATED**
20 |        v.                                         )   **SECOND MOTION FOR**
                                                     )   **PARTIAL SUMMARY**
21 | ROMAN CATHOLIC ARCHBISHOP OF                      )   **JUDGMENT; AND**
     PORTLAND IN OREGON, AND SUCCESSORS, A           )   **(2) RESPONSES OF OTHER**
22 | CORPORATION SOLE, dba THE ARCHDIOCESE            )   **DEFENDANTS TO**
     OF PORTLAND IN OREGON; JOHN RICKMAN,            )   **COMMITTEE'S AMENDED**
23 | GLENN PELIKAN and JOHNSTON MITCHELL,             )   **CONCISE STATEMENT OF**
     individually and on behalf of all others similarly )   **MATERIAL FACTS IN**
24 | situated; ST. ANDREWS CHURCH (PORTLAND),         )   **SUPPORT OF RESTATED**
     as represented by its pastor, REV. CHARLES      )   **SECOND MOTION FOR**
25 | LIENERT, ST. ANTHONY CHURCH (TIGARD), as         )   **PARTIAL SUMMARY**
     represented by its pastor, REV. LESLIE M. SIEG, and )   **JUDGMENT**
26 | ST. JUAN DIEGO CHURCH, as represented by its     )

**Page 1 of 3 -**  COMMITTEE'S REPLY TO (1) DEBTOR'S RSP TO AMENDED CONCISE STMT OF MATERIAL
FACTS IN SUPPORT OF COMMITTEE'S RESTATED 2ND MPSJ; AND (2) RESPONSES OF OTHER
DEFENDANTS TO COMMITTEE'S AMENDED CONCISE STMT OF MATERIAL FACTS IN SUPPORT
OF RESTATED 2ND MPSJ

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    pastor, REV. JOHN KERNS, individually and on    )
     behalf of all parishes; COMMITTEE OF CATHOLIC    )
2    PARISHES, PARISHIONERS AND INTERESTED    )
     PARTIES; CENTRAL CATHOLIC HIGH SCHOOL    )
3    PARENTS' ASSOCIATION; CENTRAL CATHOLIC    )
     HIGH SCHOOL ALUMNI ASSOCIATION;    )
4    PHOEBE JOAN O'NEILL; MARIST HIGH SCHOOL    )
     PARENTS AND ALUMNI SERVICE CLUB;    )
5    FRIENDS OF REGIS HIGH SCHOOL; MARIST    )
     HIGH SCHOOL FOUNDATION, an Oregon non-    )
6    profit corporation; CATHOLIC YOUTH    )
     ORGANIZATION/CAMP HOWARD, an Oregon    )
7    non-profit corporation; the ST. ELIZABETH PARISH    )
     OF PORTLAND, OREGON, an Oregon non-profit    )
8    corporation; MISSIONARIES OF THE HOLY    )
     SPIRIT, a California corporation; REGIS HIGH    )
9    SCHOOL FOUNDATION, an Oregon non-profit    )
     corporation,    )
10    )
                            Defendants.    )
11    _____    )

12            The Tort Claimants Committee (the "Committee") hereby submits its Reply to

13    the Responses of Debtor and other defendants to the Committee's Amended Concise

14    Statement of Material Facts.  For the convenience of the Court, the Committee has prepared a

15    chart containing each fact submitted by the Committee, followed by the Responses of Debtor

16    and other defendants, and the Reply of the Committee to such Responses.  The chart is

17    attached hereto and incorporated herein as Exhibit 1.

18            The Responses filed by each of the defendants, other than Debtor, are

19    substantially identical.  Therefore, the chart attached as Exhibit 1 incorporates only the

20    Response filed by Debtor and the Response filed by the Parish and Parishioners' Class and

21    Parish Committee.

22            Debtor submitted additional facts in its Response to the Committee's

23    Amended Concise Statement.  The additional facts submitted by Debtor are also included in

24    Debtor's Concise Statement of Material Facts in Connection With Its Cross Motion for

25    * * *

26    * * *

**Page 2 of 3 -**    COMMITTEE'S REPLY TO (1) DEBTOR'S RSP TO AMENDED CONCISE STMT OF MATERIAL
FACTS IN SUPPORT OF COMMITTEE'S RESTATED 2ND MPSJ; AND (2) RESPONSES OF OTHER
DEFENDANTS TO COMMITTEE'S AMENDED CONCISE STMT OF MATERIAL FACTS IN SUPPORT
OF RESTATED 2ND MPSJ

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1 | Partial Summary Judgment.  The Committee submits its Response to Debtor's additional

2 | facts in the Committee's Response to Debtor's Concise Statement of Material Facts in

3 | Connection With Its Cross Motion for Partial Summary Judgment.

4 | DATED this 26th day of October, 2005.

5 | TONKON TORP LLP

6 |

7 | By _____

8 | ALBERT N. KENNEDY, OSB No. 82142
Attorneys for Tort Claimants Committee

9 | 032545\00001\657674 V001

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

**Page 3 of 3 -** COMMITTEE'S REPLY TO (1) DEBTOR'S RSP TO AMENDED CONCISE STMT OF MATERIAL
FACTS IN SUPPORT OF COMMITTEE'S RESTATED 2ND MPSJ; AND (2) RESPONSES OF OTHER
DEFENDANTS TO COMMITTEE'S AMENDED CONCISE STMT OF MATERIAL FACTS IN SUPPORT
OF RESTATED 2ND MPSJ

EXHIBIT 1

TORT CLAIMANTS COMMITTEE'S REPLY TO (1) DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF
MATERIAL FACTS IN SUPPORT OF COMMITTEE'S RESTATED SECOND MOTION FOR PARTIAL SUMMARY
JUDGMENT; AND (2) RESPONSES OF OTHER DEFENDANTS TO COMMITTEE'S AMENDED CONCISE STATEMENT
OF MATERIAL FACTS IN SUPPORT OF RESTATED SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

| COMMITTEE'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS | DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF MATERIAL FACTS | PARISH AND PARISHIONERS' CLASS AND PARISH COMMITTEE'S RESPONSE TO PLAINTIFF'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS |
|---|---|---|
| 1. The Roman Catholic Archbishop of Portland in Oregon, and successors, a corporation sole ("Debtor"), is an Oregon nonprofit corporation doing business as the Archdiocese of Portland in Oregon. Debtor was originally incorporated as a nonprofit corporation in Oregon in 1874 with the name "Roman Catholic Archbishop of the Diocese of Oregon." In 1991, Debtor merged with the Archdiocese of Portland in Oregon (formerly known as Archdiocese of Oregon City), an Oregon nonprofit corporation, and was the surviving corporation resulting from the merger. (Declaration of Timothy J. Conway, Ex. 1) (hereafter "Conway Decl."). | Accept. | Admitted. |
| **COMMITTEE REPLY: None.** | | |
| 2. On July 30, 2004, Debtor filed its Statement of Financial Affairs and its Schedule A. Thereafter, on October 13, 2004, Debtor filed an Amended Statement of Financial Affairs and an Amended Schedule A. | Accept. | Admitted. |

Exhibit 1
Page 1 of 19

| COMMITTEE'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS | DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF MATERIAL FACTS | PARISH AND PARISHIONERS' CLASS AND PARISH COMMITTEE'S RESPONSE TO PLAINTIFF'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS |
|---|---|---|
| **COMMITTEE REPLY: None.** | | |
| 3. On Debtor's Amended Schedule A, Debtor states that "Debtor holds bare legal title but no equitable or beneficial interest" in certain real property listed in response to Question 14 of Debtor's Statement of Financial Affairs, as amended. (Conway Decl. Ex. 2, at 1) | Accept. | Admitted. |
| **COMMITTEE REPLY: None.** | | |
| 4. In response to Question 14 on Debtor's Amended Statement of Financial Affairs (Property Held for Another Person), Debtor refers to Exhibit 14b. Exhibit 14b lists "Real property of others with legal title in the name of Debtor." Exhibit 14b is divided into three sections. Section I lists "Parish real properties with legal title in the name of Debtor." Section II lists "School real properties with legal title in the name of Debtor." The real property listed in Section I and Section II (except for real property titled in the name of The St. Elizabeth Parish of Portland, Oregon) is collectively referred to herein as the "Disputed Real Property." (Conway Decl. Ex. 3, at 5, 10-29)[1] | Accept. | Admitted, except that the Plaintiffs' definition of the "Disputed Real Property" is the Plaintiffs' own definition, and by admitting, Parish Communities do not concede that the indicated properties are the only real property the status of which is at issue in this case. |

---

[1] The St. Elizabeth Parish of Portland, Oregon, is an Oregon non-profit corporation whose president is John G. Vlazny, that may hold fee title to certain of the real estate. (Conway Decl. Exs. 22, 23)

2

Exhibit 1
Page 2 of 19

| | COMMITTEE'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS | DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF MATERIAL FACTS | PARISH AND PARISHIONERS' CLASS AND PARISH COMMITTEE'S RESPONSE TO PLAINTIFF'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS |
|---|---|---|---|
| | **COMMITTEE REPLY: None.** | | |
| 5. | Fee simple title to the Disputed Real Property is held in the name of Debtor. (Affidavit of Malcolm Newkirk, ¶ 5)[2] | Deny. The Debtor asserts this is not a relevant material fact essential for the Court to decide the Tort Claimants Committee's Restated Second Motion for Partial Summary Judgment. This statement of fact and related evidence are the subject of a separate motion to strike. It is also controverted by the Declaration of Howard M. Levine (hereinafter ("Levine Declaration"), Ex 6: Wilson Declar. ¶¶ 4-6. | Denied. While the legal title of most of the Disputed Real Estate is held by Debtor, beneficial title is owned by Parishes, Schools, and other entities. |

**COMMITTEE REPLY:** Title to the Disputed Real Property is a relevant material fact. Title to real property used by or associated with parishes is relevant to the determination of the issue of whether parishes are divisions of Debtor such that they do not have the capacity to sue or be sued under Federal Rule of Civil Procedure 17. There is no dispute with respect to title. Title to all Disputed Real Property is in the name of Debtor. Conway Decl., Ex. 2 at 1; Conway Decl., Ex. 3 at 10; Kennedy Decl., Ex. 1 at 2. That fact is not changed by Debtor's identification of three deeds that also contain the name of a parish.

| 6. | With the exception of The St. Elizabeth Parish of Portland, Oregon, none of Debtor's parishes or schools | Deny, except agree that St. Elizabeth Parish of Portland, | Admitted that The St. Elizabeth's Parish of Portland, Oregon is an |
|---|---|---|---|

[2] Copies of all deeds to the Disputed Real Property are available for inspection and will be provided to the Court upon request.

3

Exhibit 1
Page 3 of 19

| COMMITTEE'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS | DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF MATERIAL FACTS | PARISH AND PARISHIONERS' CLASS AND PARISH COMMITTEE'S RESPONSE TO PLAINTIFF'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS |
|---|---|---|
| set forth on Exhibit 14b of Debtor's Amended Statement of Financial Affairs is an entity organized under civil law, and none of such parishes or schools has registered an assumed business name. (Affidavit of Pattie Miller, ¶ 3) | Oregon, is an entity organized as a corporation under civil law. Debtor asserts that the Debtor does not own or possess any parishes or their schools. Levine Declar., Ex 3: Vlazny Declar. ¶¶ 7 and 8. At least some of the parishes have registered an assumed business name for the Oregon Wine and Food Festival. Levine Declar. Ex 1: Stilley Declar. ¶ 8. This Statement of Fact is subject to a separate motion to strike. It lacks foundation because it fails to show the search methodology utilized to reach the conclusions in ¶¶ 2 and 3 of the Affidavit of Patricia Miller; and it contains a legal conclusion that the parishes are not entities organized under civil law. | entity incorporated under civil law. Admit, with one exception, that no other Parishes located within the geographical boundaries of the Archdiocese of Portland in Oregon is separately incorporated under Oregon civil law. Otherwise denied. |

**COMMITTEE REPLY:** Debtor's response is frivolous and fails to raise any issue of disputed fact. Except for The St. Elizabeth Parish of Portland, Oregon, none of Debtor's parishes or schools set forth on Exhibit 14b of Debtor's Amended Statement of Financial Affairs are separately incorporated. Kennedy Decl., Ex. 13 at 18, 19; Declaration of Patricia Miller in Support of Plaintiff's Reply to Responses to Tort Claimants Committee's Restated Second Motion for Partial Summary Judgment, ¶ 3. Exhibit 6 attached to the Declaration of Thomas W. Stilley does not list or disclose the name of any school or parish listed on Exhibit 14b of Debtor's Amended Statement of Financial Affairs. Further, Exhibit 6 to the Stilley

4

Exhibit 1
Page 4 of 19

| COMMITTEE'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS | DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF MATERIAL FACTS | PARISH AND PARISHIONERS' CLASS AND PARISH COMMITTEE'S RESPONSE TO PLAINTIFF'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS |
|---|---|---|
| Declaration is not the registration of an assumed business name by any of the schools listed therein as "authorized representatives" of the Oregon Wine and Food Festival. Debtor has not produced any evidence that any parish or school has registered an assumed business name. Debtor has not produced any evidence that any parish or school has incorporated in any state. | | |
| 7.     Debtor is the governing body of the Roman Catholic Church for that portion of Oregon lying west of the Cascade Divide. (Conway Decl. Ex. 9, at 2, 4; Ex. 10, at 3; Ex. 11, at 3; Ex. 26, at 6) | Deny. The Archbishop, not the Debtor, is the highest legislative, executive, and judiciary authority for the Roman Catholic Church in the Archdiocese of Portland in Oregon, being that portion of Oregon lying west of the crest of the Cascade Mountains. Levine Decl. Ex 2: Cafardi Decl. ¶ 21. | Denied, except that the Archbishop and, through him, the Archdiocese of Portland in Oregon, holds certain rights and responsibilities with respect to entities that are a part of the Roman Catholic Church in that portion of Oregon lying west of the Cascade Divide ("Western Oregon"), including the Parishes and Schools. Consistent with and pursuant to the limitations imposed by Canon Law, the Debtor holds bare legal title to certain real and personal property within Western Oregon. |
| **COMMITTEE REPLY:  Paragraph 7 restates the words used by Debtor's counsel in legal briefs filed on behalf of Debtor and attached as exhibits to the Conway Declaration. Any attempt to deny them cannot create a dispute.  The Committee also accepts that the Archbishop is the highest legislative, executive and judiciary authority for the Roman Catholic Church in the Archdiocese of Portland in Oregon.** | | |
| 8.     The purposes of Debtor include, among other things, establishing and operating parishes and schools, and holding real and personal property within the | Deny. The Debtor's Articles of Incorporation state that: "The object and purpose of this | Denied as to the operation of Parishes and Schools. As to property, admit that Debtor holds |

5

Exhibit 1
Page 5 of 19

| COMMITTEE'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS | DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF MATERIAL FACTS | PARISH AND PARISHIONERS' CLASS AND PARISH COMMITTEE'S RESPONSE TO PLAINTIFF'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS |
|---|---|---|
| geographical boundaries of Debtor. (Conway Decl. Ex. 9, at 2, 4, 5; Ex. 10, at 3; Ex. 11, at 3; Ex. 13, at 2; Ex. 14, at 2) | corporation is to provide for and maintain the worship of Almighty God, and the preaching of the Gospel of our Lord Jesus Christ, according to the doctrine, canons, rules, and usages of the Roman Catholic Church; **to advance education, charity, piety, and learning; and for acquiring, holding and disposing of church property for the benefit of the Roman Catholic Church for works of charity and for public worship.**" [emphasis added]. Levine Declar. Ex 5: Conway Declar., Ex. 1; Levine Declar. Ex. 1: Stilley Declar Ex. 1. | bare legal title to certain real and personal property within Western Oregon, but that beneficial title is retained by the Parishes and Schools. Otherwise, the purposes of the Debtor are defined by its Articles of Incorporation and Canon Law, which speak for themselves. |

**COMMITTEE REPLY:** Paragraph 8 is a summary of statements made by Debtor in the pleadings attached as Exhibits 9, 10, 11 and 13 to the Conway Declaration. Denials without basis do not create a factual dispute. The Committee acknowledges that Debtor's Articles of Incorporation state that "the object and purpose of this corporation is . . . for acquiring, holding and disposing of church property for the benefit of the Roman Catholic Church for works of charity and for public worship."

| | | |
|---|---|---|
| 9. Debtor's geographic territory is divided into approximately 124 local parishes. (Conway Decl. Ex. 4, at 3, 4; Ex. 9, at 2, 4) | Deny. The geographic territory of the Archdiocese, not the Debtor, is divided into approximately 124 parishes. Levine Declar. Ex. 3: Vlazny | Admitted only to the degree consistent with the response to Paragraph 7; otherwise denied. |

6

Exhibit 1
Page 6 of 19

| COMMITTEE'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS | DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF MATERIAL FACTS | PARISH AND PARISHIONERS' CLASS AND PARISH COMMITTEE'S RESPONSE TO PLAINTIFF'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS |
|---|---|---|
| | Declar. ¶ 7. | |
| **COMMITTEE REPLY: None.** | | |
| 10.  Debtor is a hierarchical church.  (Conway Decl. Ex. 4, at 4) | Deny.  The Debtor is not a church.  The Roman Catholic Church is a hierarchical church.  Levine Declar. Ex. 2: Cafardi Declar. ¶ 20. | Denied.  Debtor is an entity affiliated with a hierarchical church. |
| **COMMITTEE REPLY: None.** | | |
| 11.  The Archbishop is responsible for the governance of Debtor and is the final authority in the governance of Debtor.  He is responsible for all of the pastoral and administrative affairs for all of Debtor's parishes and schools, including financial, legal and personnel.  (Conway Decl. Ex. 4, at 3, 4; Ex. 5, at 7–9; Ex. 9, at 2, 4; Ex. 13, at 2; Ex. 14, at 2, 3; Ex. 26, at 6-8) | Accept that the Archbishop is responsible for the governance of the Debtor and is the final authority in the governance of the Debtor.  Deny the balance of paragraph 11 as a mischaracterization of the evidence in support thereof.  Levine Declar. Ex. 5: Conway Declar., Ex. 4, at 3, 4; Ex. 5, at 7–9; Ex. 9, at 2, 4; Ex. 13, at 2; Ex. 14, at 2, 3; Ex. 26, at 6-8. | Admitted as to the first sentence of the paragraph.  Denied as overly broad and incorrect in certain matters as to the second sentence.  The Archbishop's responsibilities with respect to the Parishes and Schools are defined and limited by Canon Law. |
| **COMMITTEE REPLY: This is an accurate statement of the testimony of Archbishop Vlazny at the 341(a) hearing held on August 6, 2004.  Levine Decl. Ex. 5 at 52-53; Conway Decl., Ex. 4 at 3, 4.** | | |
| 12.  The Archbishop is singularly responsible for the placement, transfer and supervision of parish priests | Accept the facts in paragraph 12 but assert that | Admitted, except that the Archbishop's rights and |

7

Exhibit 1
Page 7 of 19

| COMMITTEE'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS | DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF MATERIAL FACTS | PARISH AND PARISHIONERS' CLASS AND PARISH COMMITTEE'S RESPONSE TO PLAINTIFF'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS |
|---|---|---|
| within the Archdiocese. (Conway Decl. Ex. 5, at 4-6) | the Archbishop's authority is subject to and limited by Canon Law, and the doctrine and practices of the Roman Catholic Church. Levine Declar. Ex. 3: Vlazny Declar. ¶ 4. | responsibilities in this matter are defined and limited by Canon Law. |

**COMMITTEE REPLY:** Archbishop Levada agreed with this statement. Any attempt to clarify or condition the statement does not create a disputed fact.

| | | |
|---|---|---|
| 13. The parishes have zero say over who is assigned as the priest in a parish. That is done by the Archbishop. The parish is not supervised by the parish. (Conway Decl. Ex. 21, at 6) | Accept that Martin Nussbaum made the statements referenced in paragraph 13, but that such statements must be taken in context. Debtor asserts that the Archbishop's authority is subject to and limited by Canon Law, and the doctrine and practices of the Roman Catholic Church. Levine Declar. Ex. 3: Vlazny Declar. ¶ 4. | The Parish Defendants admit that the ultimate authority immediately responsible for assignment and supervision of pastors is the Archbishop. |

**COMMITTEE REPLY:** These are the words of Martin Nussbaum, counsel for Debtor. Any attempt to qualify or clarify the statement does not create a disputed fact.

| | | |
|---|---|---|
| 14. Parishes are entities within Debtor, and if a parish has a school, the school is under the principal; the principal is hired and fired by the pastor; and the pastor is | Accept that parishes are entities, but they are not entities within the Debtor. Also accept | The Parish Defendants deny that "Parishes are entities within Debtor" except to the degree |

8

Exhibit 1
Page 8 of 19

| COMMITTEE'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS | DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF MATERIAL FACTS | PARISH AND PARISHIONERS' CLASS AND PARISH COMMITTEE'S RESPONSE TO PLAINTIFF'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS |
|---|---|---|
| appointed by the Archbishop. (Conway Decl. Ex. 5, at 8; Ex. 26 at 7-8) | that if a parish has a school, the school is administered by the principal; the principal is hired and fired by the pastor; and the pastor is appointed by the Archbishop. The Debtor contends the referenced statements containing the words "within the Archdiocese" meant the geographical area known as the Archdiocese, not the Archdiocese as an entity. Levine Declar. Ex. 5; Conway Declar. Ex. 5 at 8. | consistent with the response to Paragraph 7. The remainder of the paragraph is admitted. |
| **COMMITTEE REPLY:** None. | | |
| 15. The parish pastor is the administrator of parish property. (Conway Decl. Ex. 19, at 2) Final authority over all parish affairs resides with the pastor. (Conway Decl. Ex. 16, at 4, 5; Ex. 17, at 5-9; Ex. 18, at 3-5, Ex. 19, at 2) | Accept that the pastor is the administrator of parish property, but assert that the pastor has final authority in the ordinary administration of parish affairs, subject to and limited by Canon Law, the doctrine and practice of the Roman Catholic Church, and the policies of the Archdiocese. Levine Declar. Ex. 3: Vlazny Declar. ¶ 8. | Admitted, except that the Pastor's rights and responsibilities are defined and limited by Canon Law, the doctrine and practice of the Church, and Archdiocesan policies. |

**COMMITTEE REPLY:** These are the words used by Debtor in Exhibit 19 to the Conway Declaration. Any attempt to clarify

9

Exhibit 1
Page 9 of 19

| COMMITTEE'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS | DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF MATERIAL FACTS | PARISH AND PARISHIONERS' CLASS AND PARISH COMMITTEE'S RESPONSE TO PLAINTIFF'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS |
|---|---|---|
| or qualify them does not create a disputed fact. | | |
| 16. Pastors make a promise of obedience to the Archbishop when they are ordained as a priest to the Archdiocese. They consider themselves to be the Archbishop's representatives in the parishes. Pastors are bound to carry out legitimate instructions of the Archbishop. (Conway Decl. Ex. 16, at 2-3, 6-7; Ex. 17, at 2-3; Ex. 18, at 3-5; Ex. 19, at 2) | Deny, but assert that a priest makes a promise of obedience to the Archbishop when he is ordained as a priest of the Archdiocese and that he may be assigned by the Archbishop to provide for the pastoral care of the people in a parish. Further assert that all priests, not just pastors, are bound to carry out the legitimate instructions of the Archbishop. The second sentence of this alleged fact is not supported by the evidence cited. Levine Decl. Ex. 5; Conway Decl. Ex. 16, at 2-3; Ex. 17, at 5-9; Ex. 18, at 3-5; Ex. 19, at 2. | Admitted, except that the statement that Pastors "consider themselves to be the Archbishop's representatives in the Parishes" understates the scope of their role within the Parishes and overstates the nature of their relationship with the Archbishop. The rights and responsibilities of a Pastor, and his relationship with the Archbishop, are defined and limited by Canon Law, the doctrine and practice of the Church, and Archdiocese policies. |
| **COMMITTEE REPLY:** None. | | |
| 17. Debtor's Director of Financial Services has signing authority on all parish checking accounts. (Conway Decl. Ex. 4, at 14, 15) | Accept. However, the Director of Financial Services only exercises signing authority on parish bank accounts in exceptional circumstances. Levine Decl. Ex. 4: Vuylsteke | Admitted, except that the Director of Financial Services exercises such authority only in rare circumstances as approved by policies of the Archdiocese and directions of the Archbishop. |

10

Exhibit 1
Page 10 of 19

| COMMITTEE'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS | DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF MATERIAL FACTS | PARISH AND PARISHIONERS' CLASS AND PARISH COMMITTEE'S RESPONSE TO PLAINTIFF'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS |
|---|---|---|
| | Declar. ¶ 11. | |
| **COMMITTEE REPLY:** There is no dispute that Debtor's Director of Financial Services has signing authority on all parish checking accounts. | | |
| 18. The Archbishop has closed, merged and established parishes within the Archdiocese. (Conway Decl. Ex. 4, at 10-11; Ex. 24) | Deny, but assert that the Archbishop has suppressed, merged, and established parishes within the Archdiocese. Levine Declar. Ex. 5; Conway Declar. Ex. 4, at 10-11; Ex. 24. The Debtor also asserts this is not a relevant material fact essential for the Court to decide the Tort Claimants Committee's Restated Second Motion for Partial Summary Judgment. | Admitted, except that the Archbishop has not "closed" Parishes. |
| **COMMITTEE REPLY:** There is no dispute that the Archbishop has suppressed, merged and established parishes within the Archdiocese. This undisputed fact is material and relevant to the issue of whether parishes are divisions of Debtor such that they do not have the capacity to sue or be sued under Federal Rule of Civil Procedure 17. | | |
| 19. Prior to Archbishop Vlazny's assignment as the Archbishop of Debtor, the Archbishop, as bishop of the Winona, Minnesota diocese, closed parishes within the Winona, Minnesota diocese. (Conway Decl. Ex. 4, at 10) | Deny, except agrees that Archbishop Vlazny as the bishop of Winona, Minnesota diocese suppressed or merged parishes a couple of times. Archbishop Vlazny is not the Archbishop of the Debtor, he is | Admitted only insofar that Archbishop Vlazny suppressed or merged parishes in the Winona, Minnesota diocese prior to becoming Archbishop of the Archdiocese of Portland in |

11

Exhibit 1
Page 11 of 19

| COMMITTEE'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS | DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF MATERIAL FACTS | PARISH AND PARISHIONERS' CLASS AND PARISH COMMITTEE'S RESPONSE TO PLAINTIFF'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS |
|---|---|---|
| | the director of the Debtor. Levine Declar. Ex. 5: Conway Declaration, Ex. 4, at 10. | Oregon. |

<u>COMMITTEE REPLY:</u> There is no dispute that Archbishop Vlazny suppressed and merged parishes while he was bishop of the Diocese of Winona, Minnesota.

| | | |
|---|---|---|
| 20. Archbishop Sean O'Malley of the Archdiocese of Boston has suppressed, merged and erected parishes in the Archdiocese of Boston. (Conway Decl. Ex. 25) The Archbishop of Debtor testified that "I am aware that he's suppressing parishes. I don't know the exact number, but it is a big number." Archbishop O'Malley has the same authority in his diocese that the Archbishop has as the Archbishop of Debtor, which includes suppressing parishes. (Conway Decl. Ex. 4, at 11-13) | Accept, however Debtor asserts that Archbishop Vlazny is not the Archbishop of the Debtor, he is the director of the Debtor. Debtor further asserts that the stated facts are not essential to decide only the TCC's Restated Second Motion for Partial Summary Judgment. This statement of fact and related evidence are the subject of a separate motion to strike. | The Parish Communities object to the statement insofar as it is immaterial to the issues presented in the motion. Without waiving that objection, admitted that to the best of Parish Communities' knowledge, Archbishop O'Malley has undertaken the stated actions in the Archdiocese of Boston, that Archbishop Vlazny has testified as stated in the paragraph, and that Archbishop Vlazny's authority in the Archdiocese of Portland in Oregon with respect to the stated actions is the same as that of Archbishop O'Malley. |

<u>COMMITTEE REPLY:</u> There is no dispute that Archbishop O'Malley of the Archdiocese of Boston has the same authority as Archbishop Vlazny and that such authority includes the suppression of parishes. Further, there is no dispute that Archbishop O'Malley has suppressed a big number of parishes in the Archdiocese of Boston. Finally, this undisputed fact is relevant to the issue of whether a parish is a division of Debtor such that it cannot sue or be sued pursuant to Federal

Exhibit 1
Page 12 of 19

| COMMITTEE'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS | DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF MATERIAL FACTS | PARISH AND PARISHIONERS' CLASS AND PARISH COMMITTEE'S RESPONSE TO PLAINTIFF'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS |
|---|---|---|
| **Rule of Civil Procedure 17.** | | |
| 21. The Archbishop has final authority to suppress, merge or erect a parish. (Conway Decl. Ex. 4, at 11; Ex. 19, at 2) | Accept. | Admitted. |
| **COMMITTEE REPLY: None.** | | |
| 22. In *Archdiocese of Portland in Oregon v. Raymond Thorne, Ass't Director for Employment, State of Oregon Employment Division Department of Human Resources*, No. 78-T-62 (Or. Employment Div. January 22, 1979) ("*Thorne*"), Debtor made the following statements in its Memorandum of Law submitted to the Employment Division Referee: [T]he parochial schools operated by the Catholic Church are an integral part of the church. (Conway Decl. Ex. 6, at 5) Therefore, the Archdiocese, through its local pastor, is also responsible for the employment of all parish personnel, including lay teachers in the parish school. (Conway Decl. Ex. 6, at 5) In the present case it is clear that the Archdiocese intends its parochial schools to be an integral part of the church itself, and effect must be given to such an intent. (Conway Decl. Ex. 6, at 5) | Accept, but asserts that the referenced statements must be read in context with the subject matter in which they were made. The issue was whether the Debtor was exempt from state employment taxes because the Catholic Church was operating parochial schools. | In response to these paragraphs, Parish Communities do not have the knowledge upon which to admit or deny these paragraphs, except to the degree that the written documents speak for themselves, and as such, Parish Defendants adopt the response of the Debtor to these paragraphs. |

13

Exhibit 1
Page 13 of 19

| COMMITTEE'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS | DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF MATERIAL FACTS | PARISH AND PARISHIONERS' CLASS AND PARISH COMMITTEE'S RESPONSE TO PLAINTIFF'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS |
|---|---|---|
| [S]aid schools must be considered an integral part of the Catholic Church . . . . (Conway Decl. Ex. 6, at 5)<br><br>The parochial schools, not being separately incorporated, are clearly not legal entities separate from the church itself. (Conway Decl. Ex. 6, at 5)<br><br>Plaintiff also meets the requirement of control, in that the parochial schools of the Archdiocese are operated, supervised, controlled or principally supported by The Catholic Church represented by the Archdiocese here in Western Oregon. These schools are not separately incorporated and the Catholic Church has legal control over them. For the same reason that the schools must be seen as an integral part of the church, . . . . their schools must likewise be seen as controlled by the church. (Conway Decl. Ex. 6, at 6) | | |

**COMMITTEE REPLY: This is a direct quote. Any attempt to clarify cannot create a disputed fact.**

| | | |
|---|---|---|
| 23. On appeal of *Thorne* by the Employment Division, Debtor repeated the statements made to the Employment Division Referee. Specifically, Debtor reiterated that parish schools are part of the parish church, that its schools are one organization within the legal entity of the corporate structure of Debtor, and that its schools are so intertwined within Debtor's corporate structure as to be an inseparable part thereof. (Conway Decl. Ex. 7, at 3-14) | Accept, but see response to paragraph 22 above. | In response to these paragraphs, Parish Communities do not have the knowledge upon which to admit or deny these paragraphs, except to the degree that the written documents speak for themselves, and as such, Parish Defendants adopt the response of the Debtor to these |

Exhibit 1
Page 14 of 19

| COMMITTEE'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS | DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF MATERIAL FACTS | PARISH AND PARISHIONERS' CLASS AND PARISH COMMITTEE'S RESPONSE TO PLAINTIFF'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS |
|---|---|---|
| | | paragraphs. |
| **COMMITTEE REPLY: None.** | | |
| 24. In *Thorne*, Debtor prevailed in asserting that the employees in its schools were exempt from unemployment tax because the schools were part of Debtor. The Oregon Court of Appeals affirmed in *Employment Division, Raymond P. Thorne v. Archdiocese of Portland in Oregon*, 600 P.2d 926, 928 (Or. App. 1979). | Deny. The Court did not rule the schools were part of the Debtor but ruled they were part of the church. Levine Declar. Ex. 1: Stilley Declar. ¶ 9. | In response to these paragraphs, Parish Communities do not have the knowledge upon which to admit or deny these paragraphs, except to the degree that the written documents speak for themselves, and as such, Parish Defendants adopt the response of the Debtor to these paragraphs. |
| **COMMITTEE REPLY:** The "church" referenced by Debtor was not the worldwide Catholic Church as is now being suggested by Debtor, but was specifically Debtor as a corporate law entity. The referee, whose opinion was affirmed, found: "The parochial schools are so intertwined within plaintiff's corporate structure as to be an inseparable part thereof." Conway Decl., Ex. 6 at 8. | | |
| 25. In *Archdiocese of Portland and Archdiocese of Baker v. Employment Division, Pamela Mattson, Administrator*, Nos. 86-T-081 and -111 (Or. Employment Div. Oct. 16, 1990) ("*Mattson*"), Debtor stipulated to the following facts which were are set forth as "Findings of Fact" in the Referee Decision:<br><br>The Archdiocese is the governing body of the Roman Catholic Church in the western part of Oregon (that part of Oregon extending west of | Accept. | In response to these paragraphs, Parish Communities do not have the knowledge upon which to admit or deny these paragraphs, except to the degree that the written documents speak for themselves, and as such, Parish Defendants adopt the response of the Debtor to these |

15

Exhibit 1
Page 15 of 19

| COMMITTEE'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS | DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF MATERIAL FACTS | PARISH AND PARISHIONERS' CLASS AND PARISH COMMITTEE'S RESPONSE TO PLAINTIFF'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS |
|---|---|---|
| the Cascade Mountain Range). . . . These geographical areas are further divided into local parishes. (Conway Decl. Ex. 8, at 2) | | paragraphs. |
| The applicants are made up of local parishes. (Conway Decl. Ex. 8, at 2) | | |
| The applicants operate elementary and secondary schools through their local parishes and religious orders. (Conway Decl. Ex. 8, at 3) | | |
| The elementary and secondary schools operated by the applicants are a part of the Archdiocese and Diocese respectfully. They are operated primarily for religious purposes and these schools have no separate legal existence apart from that of the applicants. (Conway Decl. Ex. 8, at 3) | | |
| **COMMITTEE REPLY: None.** | | |
| 26. Debtor, in connection with its petition for judicial review of the final order of the Referee's decision in *Mattson*, filed a Petitioner's Brief and Abstract of Record with the Oregon Court of Appeals. In its brief, Debtor adopted the Findings of Fact set forth in the Referee Decision as "a complete summary of the material facts." (Conway Decl. Ex. 9, at 2) | Accept. | In response to these paragraphs, Parish Communities do not have the knowledge upon which to admit or deny these paragraphs, except to the degree that the written documents speak for themselves, and as such, Parish Defendants adopt the response of the Debtor to these paragraphs. |

16

Exhibit 1
Page 16 of 19

| | COMMITTEE'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS | DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF MATERIAL FACTS | PARISH AND PARISHIONERS' CLASS AND PARISH COMMITTEE'S RESPONSE TO PLAINTIFF'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS |
|---|---|---|---|
| 27. | **COMMITTEE REPLY: None.** In its Petition for Review to the Oregon Court of Appeals, the Oregon State Supreme Court and the United States Supreme Court in *Mattson*, Debtor reiterated that it operates elementary and secondary schools through its parishes, and that the elementary and secondary schools have no separate legal existence apart from Debtor. (Conway Decl. Ex. 9, at 2, 5; Ex. 10, at 3; Ex. 11, at 3) | Accept. | In response to these paragraphs, Parish Communities do not have the knowledge upon which to admit or deny these paragraphs, except to the degree that the written documents speak for themselves, and as such, Parish Defendants adopt the response of the Debtor to these paragraphs. |
| 28. | **COMMITTEE REPLY: None.** In responding to Central Catholic Education Association's petitions to review the order of the Employee Relations Board in *Central Catholic Ed. Ass'n v. Archdiocese of Portland*, No. PR-1-93 (Or. Employment Rel. Bd. Sept. 14, 1993) ("*Central Catholic*") Debtor, in both its briefs to the Oregon Court of Appeals and to the Oregon Supreme Court, stated that the Archbishop is responsible for all pastoral and administrative affairs of each of its schools and parishes, that the Archbishop alone has ultimate authority within the Archdiocese, and that the teachers are employees of the Archdiocese. (Conway Decl. Ex. 13, at 2, 3; Ex. 14, at 2, 3) | Accept that the statement that "the Archbishop is responsible for all pastoral and administrative affairs of each of its schools and parishes" was made, but deny that it is an accurate statement of fact. The Pastor is responsible for the pastoral and administrative affairs of the parish. The Archbishop's role is only one of oversight. Levine Declar. Ex. 5; Conway Declar. Ex. 16, at 4; Ex. 17, at 5; Levine Declar. | In response to these paragraphs, Parish Communities do not have the knowledge upon which to admit or deny these paragraphs, except to the degree that the written documents speak for themselves, and as such, Parish Defendants adopt the response of the Debtor to these paragraphs. |

17

Exhibit 1
Page 17 of 19

| COMMITTEE'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS | DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF MATERIAL FACTS | PARISH AND PARISHIONERS' CLASS AND PARISH COMMITTEE'S RESPONSE TO PLAINTIFF'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS |
|---|---|---|
| | Ex. 3: Vlazny Declar. ¶ 8. Accept that the statement "the Archbishop alone has [final] authority within the Archdiocese" was made but deny that it is an accurate statement of fact. The Archbishop's authority is subject to and limited by Canon Law, the doctrine and practice of the Roman Catholic Church, and the policies of the Archdiocese. Levine Declar. Ex. 3: Vlazny Declar. ¶ 8. | |

**COMMITTEE REPLY: These are the words used by Debtor. Any attempt to clarify or qualify them does not create a factual dispute.**

| | | |
|---|---|---|
| 29. In *Central Catholic*, Debtor prevailed in asserting that Debtor was not an employer subject to the jurisdiction of the Employment Relations Board. (Conway Decl. Ex. 12) The Oregon Court of Appeals affirmed the final order of the Employment Relations Board in *Central Catholic Educ. Ass'n v. Archdiocese of Portland*, 891 P.2d 1318, 1321 (Or. App. 1995). The Oregon Supreme Court affirmed the decision of the Court of Appeals in *Central Catholic Educ. Ass'n v. Archdiocese of Portland*, 916 P.2d 303, 310 (Or. 1996). | Accept. | In response to these paragraphs, Parish Communities do not have the knowledge upon which to admit or deny these paragraphs, except to the degree that the written documents speak for themselves, and as such, Parish Defendants adopt the response of the Debtor to these paragraphs. |

18

Exhibit 1
Page 18 of 19

| COMMITTEE'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS | DEBTOR'S RESPONSE TO AMENDED CONCISE STATEMENT OF MATERIAL FACTS | PARISH AND PARISHIONERS' CLASS AND PARISH COMMITTEE'S RESPONSE TO PLAINTIFF'S AMENDED CONCISE STATEMENT OF MATERIAL FACTS |
|---|---|---|

**COMMITTEE REPLY:** None.

0325450000011655702 V001

19

Exhibit 1
Page 19 of 19